Joshua Howard MALONE, Appellant,

v.

Marie MALONE, Appellee.

Marie MALONE, Cross-Appellant,

v.

Joshua Howard MALONE,
Cross-Appellee.

Nos. 3095, 3127.

Supreme Court of Alaska.

Dec. 22, 1978.

M. Ashley Dickerson, James H. Ottinger, Anchorage, for appellant and cross appellee.

Russellyn S. Carruth, Burr, Pease & Kurtz, Inc., Anchorage, for appellee and cross appellant.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

PER CURIAM.

At issue is whether it was error to award appellee, as a property division, $350.00 per month during the lives of the parties, as her share of appellant's vested federal civil service retirement benefits. Appellant has not retired and is not now receiving retirement benefits.

■ AS 09.55.210(6) [1] empowers the superior court to divide property of the parties "in the manner as may be just." In performing this function the court has broad discretion which will be interfered with on appeal only in cases of clear injustice.[2] *Burrell v. Burrell,* 537 P.2d 1, 4 (Alaska 1975).

Joshua Malone's take-home pay monthly is approximately $1,450.00. Marie Malone's

---

1. AS 09.55.210(6) states:

 In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide:

 . . . . .

 (6) for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the manner as may be just, and without regard to which of the parties is in fault; however, the court, in making the division, may invade the prop-

 erty of either spouse acquired before marriage when the balancing of the equities between the parties requires it; and to accomplish this end the judgment may require that one or both of the parties assign, deliver, or convey any of his or her real or personal property to the other party; . . .

2. Appellant does not challenge the propriety of treating his retirement benefits as property to be divided between the parties.

is approximately $650.00. Subtracting $350.00 from Joshua's income and adding it to Marie's leaves him with $1,150.00 per month and her with $1,000.00.

 The alternative, in a marriage of this long duration, would be an award of alimony. In *Messina v. Messina*, 583 P.2d 804 (Alaska, 1978), we adopted the view that courts should be encouraged to provide for the financial needs of spouses by a property disposition, rather than by alimony. The result here is consistent with that preference.

We find that there has been no abuse of discretion in the division of the parties' property.

AFFIRMED.