**Leroy Edward COSE, Appellant,**

v.

**Joanne Erskine COSE, Appellee.**

**Joanne Erskine COSE, Cross-Appellant,**

v.

**Leroy Edward COSE, Cross-Appellee.**

**Nos. 3243, 3244.**

Supreme Court of Alaska.

March 30, 1979.

Allen L. Jewell, Hahn, Jewell and Stanfill, Anchorage, for appellant and cross-appellee.

Timothy M. Lynch, Abbott, Lynch, Farney and Rodey, Anchorage, for appellee and cross-appellant.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

The major issue in this appeal and cross-appeal is whether in divorce proceedings military retirement pay is to be considered future income to the retiree or property divisible between the parties. Appellant Leroy Cose challenges the superior court's determination that his retirement pay was property acquired during his marriage to appellee and therefore divisible under AS 09.55.210(6).

Appellant entered the United States Army in June of 1954 and on November 14, 1954, he and appellee Joanne Cose were married. After a marriage of twenty years, during which time appellant remained in military service as an officer, appellee filed a complaint for divorce on September 16, 1974. On July 1, 1975, while the divorce was still pending, appellant was officially separated from the Army, having elected to retire from active service. Thereafter, on October 29, 1976, the superior court entered a final decree of divorce. At that time, the court held that appellant's military retirement pay of $1,100 per month

was divisible property and it awarded appellee one-half of the monthly payments until her death or that of appellant.[1] The court further ordered that their remaining property be divided in accordance with an agreement between them. Appellant was awarded custody of the couple's two minor children and appellee's request for attorney's fees was denied. In a cross-appeal, appellee asserts that the superior court abused its discretion in denying her attorney's fees.

Appellant Cose receives military retirement benefits pursuant to 10 U.S.C. §§ 3911, 3929 and 3991. Under these statutes, a regular or reserve commissioned officer in the Army may request retirement after 20 years of service and upon such retirement he is entitled to retirement benefits, or in the words of the statutes, "retired pay." Benefits are received monthly and are computed on the basis of the officer's years of service and his retired grade pay level. Under 26 U.S.C. § 61(a)(11), they are taxable as ordinary income when received. Benefits terminate on the death of the retiree. The officer does not contribute to a retirement fund during the course of his service.

A number of courts have held that military retirement pay is property divisible upon divorce rather than income to the recipient. *E. g., Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975); *In Re Marriage of Fithian*, 10 Cal.3d 592, 111 Cal. Rptr. 369, 517 P.2d 449 (1974), *cert. denied*, 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48 (1974); *Payne v. Payne*, 82 Wash.2d 573, 512 P.2d 736 (1973); *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (N.M.1969); *Kruger v. Kruger*, 139 N.J.Super. 413, 354 A.2d 340 (1976), modified on appeal, 73 N.J. 464, 375 A.2d 659 (1977); *Mora v. Mora*, 429 S.W.2d

660 (Tex.Civ.App.1968). Those courts have reasoned that military retirement pay is neither a payment for present services nor a gratuity bestowed upon the employee by a beneficent employer. Rather, the pay constitutes compensation for past services and is part of the consideration earned by the serviceman. Thus retirement pay is considered an earned property right which accrues by reason of and in the course of the individual's years of military service. Therefore, to the extent that such benefits were earned during marriage, they are treated as property of the marriage and are divisible as such.

Other courts have rejected this reasoning and have held that military retirement pay is income to the recipient and not divisible property. *Ellis v. Ellis*, 552 P.2d 506 (Colo. 1976); *Fenney v. Fenney*, 259 Ark. 858, 537 S.W.2d 367 (1976). The *Ellis* court has emphasized that under 42 U.S.C.A. § 659 such benefits cannot be garnished or attached except for alimony or child support payments; and that generally military retirement pay has no lump sum value, cash surrender value, loan value, redemption value or value realizable after death.

Appellant contends that the treatment of federal military retirement pay as divisible property interferes with the purpose of Congress in enacting the military retirement pay system and that such treatment therefore is prohibited by the supremacy clause of the United States Constitution.[2] He bases this argument in part on the United States Supreme Court's decisions in *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950) and *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962).

1. The court also ordered that appellee contribute $150 per month toward support of the two minor children in appellant's custody. These support payments were to be deducted from appellee's share of the military retirement pay with a reduction to $100 per month when the first child reached age 19.

2. Article VI, clause 2 of the United States Constitution states in pertinent part:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

In *Wissner*, a state court ordered the named beneficiary of life insurance proceeds under the National Service Life Insurance Act (38 U.S.C. §§ 801 *et seq.*) to pay half of the proceeds, as community property, to the deceased soldier's widow. The Supreme Court held that under the supremacy clause, the state order was invalid because the specific language of the Act, when read in light of congressional intent, gave the insured serviceman the absolute right to select the beneficiary of his choice. Therefore, state community property law could not be applied in conflict with this federal right. *Free v. Bland* dealt with a similar situation. There, petitioner Free had purchased United States Savings Bonds which were issued to "Mr. or Mrs." Free. Treasury regulations provided that when either co-owner of such bonds died, the survivor would become sole and absolute owner. Mrs. Free died, and despite the survivorship provision, the state court held that the principal beneficiary under her will was entitled to one-half of the bonds under community property principles. The Supreme Court reversed, holding that the supremacy clause invalidated state law which violated Mr. Free's federally created right of survivorship in the bonds.

Of major significance is the recent opinion in *Hisquierdo v. Hisquierdo*, ⸺ U.S. ⸺, 99 S.Ct. 802, 59 L.Ed. 1 (1979), which relates to benefits under the Railroad Retirement Act. In that case, the Supreme Court of California held that a railroad worker's anticipated benefits could be divided as community property, even though under the act the benefits for an employee's spouse terminate upon divorce, and the benefits are not assignable or subject to legal process except for paying child support or alimony obligations. The United States Supreme Court reversed, holding that to order the worker to pay a portion of his benefits would contravene the intention of Congress. It is the ascertainment of legislative intent that provides the solution to the problem.

Some clues as to Congressional intent can be gathered from the statutes and pertinent background materials. Although the statutes are silent as to rights of dependents of the retiree, they do include a method by which the serviceman can use a portion of his retired pay to purchase an annuity for his widow. 10 U.S.C. §§ 1447–1455. Under this plan only a widow, not a surviving ex-wife, is eligible for benefits. Moreover, when the wife can no longer be a beneficiary because of divorce, deductions from retired pay cease. 10 U.S.C. § 1434(c). In the passage of the law setting up this plan, provisions which would have protected ex-wives were stricken from the law before its passage. 118 Cong.Rec.S. 29810–12 (1972). In this respect Congress purposefully excluded ex-wives from benefitting under the plan. One searches the statutes in vain for any indication that Congress has ever treated retired pay as property or has intended retired pay to be divisible upon divorce.[3]

▮▮▮ In view of the legislative treatment of military retired pay and the decision in *Hisquierdo v. Hisquierdo, supra,* we hold that armed forces retired pay is not property which is divisible upon divorce. Given the federal legislative treatment of military retired pay and the decision in *Hisquierdo,* we find it unnecessary to classify retired pay as income or property under state law. The federal Supremacy Clause prohibits application of state property settlement concepts relating to divorce proceedings to such military benefits regardless of our holding on this matter. Thus, we must reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

MATTHEWS, Justice, concurring.

I believe that this case is controlled by *Hisquierdo v. Hisquierdo,* ⸺ U.S. ⸺, 99 S.Ct. 802, 59 L.Ed. 1 (1979), and therefore agree that the decision of the superior court must be reversed. Except for that decision I would have found no federal pre-emption,

<hr/>

**3.** See Goldberg, "Is Armed Services Retired Pay Really Community Property?" 48 Cal. State Bar J. 12 (1973).

in accord with such decisions as *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975), and *In Re Marriage of Fithian*, 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449 (1974).

As a matter of state law it is clear that retirement pay must be considered in dividing marital property. AS 09.55.210(6) requires that property acquired during marriage be divided "in the manner as may be just" and in so deciding we have consistently required consideration of the financial circumstances of each party. *E. g., Merrill v. Merrill*, 368 P.2d 546, 547–48 n. 4 (Alaska 1962); *Malone v. Malone*, 587 P.2d 1167 (Alaska 1978). Often the major asset of a retired military family is the husband's retirement pay. To award that to the husband and divide the remaining assets between husband and wife as if the retirement benefit did not exist is to ignore the husband's financial circumstances. It is also plainly unfair to the wife.