390 So.2d 937 (1980)
Kathryn Dunaway DeDON, Plaintiff-Appellant,
v.
Clifford DeDON, Defendant-Appellee.
No. 14300.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1980.
Donald R. Miller, Shreveport, for plaintiff-appellant Kathryn DeDon.
Glen H. Smith, Shreveport, for defendant-appellee Clifford DeDon.
Before PRICE, HALL and JASPER E. JONES, JJ.
*938 PRICE, Judge.
Plaintiff, Kathryn DeDon, filed this action against her former husband, Clifford DeDon, seeking her alleged community interest in defendant's Air Force retirement benefits which have accrued to defendant since the prior dissolution of the community. The trial court sustained an exception of no cause of action based on defendant's contention that the Federal Supremacy Clause prohibits the application of the Louisiana community property law to military retirement pay. Plaintiff has appealed the judgment dismissing her demands. We affirm.
The issue before us is whether the Federal Supremacy Clause, Article VI, Clause 2 of the United States Constitution bars application of state community property principles to military retirement pay.
The facts of this case are not in dispute. The parties were married in 1952, obtained a legal separation in 1973, and subsequently were divorced in 1974. A voluntary partition of the community effects was perfected by the parties in 1973, however, no mention was made in the agreement concerning defendant's Air Force retirement benefits. Appellant now takes the position that she is the rightful owner of one-half the benefits under La.C.C. Article 2405[1] as defendant became fully vested in and entitled to them during the existence of the community regime. She relies upon an earlier line of jurisprudence which held that military retirement pay is subject to Louisiana community property laws. See Swope v. Mitchell, 324 So.2d 461 (La.App.3d Cir. 1975) and Moon v. Moon, 345 So.2d 168 (La.App.3d Cir. 1977).
The trial judge in comprehensive written reasons for judgment discussed and analyzed Swope and Moon in light of the recent case of Hisquierdo v. Hisquierdo decided by the U. S. Supreme Court in January 1979, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1, and the Alaskan Supreme Court case of Cose v. Cose, 592 P.2d 1230 (1979).
Because our views are the same as those of the trial judge and we could not improve upon the scholarly discussion of this issue by the court, we reproduce and adopt as our reasons for judgment the following pertinent excerpts from the trial court's opinion:
In Swope v. Mitchell, 324 So.2d 461 (La. App. 3rd Cir., 1975), the Third Circuit Court of Appeal held that a wife was entitled to her community half of the husband's retirement pay from the Marine Corps, when the husband's right to military retirement pay was acquired during marriage, based on LSA-C.C. Art. 2405. The Court looked to other community property states for guidance, and apparently relied upon the California case entitled In Re Marriage of Fithian [10 Cal.3d 592, 111 Cal.Rptr. 369], 517 P.2d 449 (1974), which held that military retirement pay is properly the subject of state community property laws. 324 So.2d at 463.
Swope was followed by Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir. 1977), a case factually similar to the instant one. In Moon, the community property settlement agreement did not mention the husband's Air Force retirement benefits, and Mrs. Moon later sought her share of the benefits. The Court granted her request, and supplemented the community property agreement by awarding the wife one-half of the community portion of the pension. The Court specifically rejected the husband's constitutional argument, stating that:
"... the supremacy clause of the U. S. Constitution does not prevent a state from classifying military retirement benefits as community property." 345 So.2d at 176
The Court again cited the California case of Fithian, supra, for this proposition.

. . . . .
The Court in Hisquierdo, by a seven-man majority, held that a husband's retirement *939 benefits under the Railroad Retirement Act of 1974, 45 USCA 231, et seq., were not subject to a community property claim by the ex-wife. The Court held that California community property law impermissibly conflicted with the interest of Congress in drafting the Railroad Retirement Act, and the state court was precluded from awarding the wife an interest in the husband's expectation of ultimately receiving benefits under the Act. The holding was based on the supremacy clause of the U. S. Constitution.
Specifically, the Supreme Court analyzed the language of the statutes and legislative intent in drafting portions of the Railroad Retirement Act and Social Security Act. The Court found that to order the husband to pay the wife part of his benefits, or any offsetting award recognizing her interest in the benefits, would be contrary to the purpose of the anti-attachment provision of the Railroad Retirement Act, 10 USCA 231 (m), which exempts such benefit funds from legal process and is meant to insure that they actually reach the intended beneficiary. Nor could the wife receive an offsetting award out of present community property, because such award would wrongfully "anticipate" payment of benefits in violation of Section 231 (m), before Congress itself has set a date to pay them. Finally, the Court based its decision on the policy of protecting the employee who has earned the benefits, and held that federal interests and the Supremacy Clause of the U. S. Constitution forbid application of state community property laws to such benefits.
The Court first looked to the portion of the Railroad Retirement Act that protected retirement benefits. 45 USCA 231 (m) states, in part:
"§ 231m. Assignability; exemption from levy
Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated..."
Congress later made an exception to this and similar provisions of federal benefit plans, by adding 42 USCA 659 of the Social Security Act. This section provides:
"Enforcement of individual's legal obligations to provide child support or make alimony payments-United States and District of Columbia to be subject to legal process:
(a) Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."
This section removed sovereign immunity of the federal benefits in order to satisfy a legal obligation of child support or alimony. Congress then added 42 USCA 662 to define "alimony" in the traditional meaning of spousal support. That statute states specifically that "alimony"
"... does not include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses."
The Supreme Court therefore concluded that Congress did not intend such retirement benefits to be subject to a community property claim because Congress had allowed legal process against the benefits only for child support or alimony, and not a claim for community property upon divorce. Section 231 (m) of the Railroad Retirement Act was still therefore controlling, and by its language prevented the application of *940 California state law to those benefits. Otherwise, a spouse's community property interest would automatically deprive the husband of a portion of a benefit Congress intended for him alone.

. . . . .
We note that the wife in Hisquierdo based her community interest claim on the California case In Re Fithian, supra. This is the same case cited by our Courts in Swope and Moon. The Court in Moon held that the supremacy clause did not affect state community property law with regard to military retirement benefits, as did the California court in Fithian. Yet this is the very basis for the U. S. Supreme Court's decision in Hisquierdo with regard to railroad retirement benefits: the federal supremacy clause does override application of a state's community property law to those retirement benefits. We believe that the same reasoning follows for military retirement benefits.
The impact of Hisquierdo on military retirement pay was specifically ruled upon by the Supreme Court of Alaska in Cose v. Cose, 592 P.2d 1230 (1979). There, the ex-wife was claiming a share of her former husband's Army retirement pay. The Court held that armed forces retired pay is not property which is divisible upon divorce, and that the federal supremacy clause prohibited the application of state divorce property settlement law to military retired pay.
The Alaska Court looked to the legislative intent of the military retirement statutes, as the U. S. Supreme Court did for the Railroad Retirement Act. 10 USCA 1447-1455 is a subchapter of the military retirement provision, entitled "Survivor Benefit Plan." It provides a means by which a serviceman can use a portion of his retired pay to purchase an annuity for his widow. An ex-wife is not eligible for benefits. If there is a divorce, the wife can no longer be a beneficiary and deductions from retired pay cease. The Court noted:
"... In the passage of the law setting up this plan, provisions which would have protected ex-wives were stricken from the law before its passage. 118 Cong. Rec.S. 29810-12 (1972). In this respect Congress purposefully excluded ex-wives from benefitting under the plan. One searches the statutes in vain for any indication that Congress has ever treated retired pay as property or has intended retired pay to be divisible upon divorce." 592 P.2d at 1232.
The Court therefore concluded that the wife did not have a claim to the husband's retirement pay, based on Hisquierdo.
It is significant that § 1450 of the military Survivor Benefit Plan contains an anti-attachment or anti-assignment provision similar to Section 231 (m) of the Railroad Retirement Act, supra. § 1450 (i) provides:
". . .
"(i) An annuity under this section is not assignable or subject to execution, levy, attachment, garnishment, or other legal process." 10 USCA 1450
While this annuity would only be for the widow, the language of the statute is similar to that of the Railroad Retirement Act, which the U. S. Supreme Court found to be so important in ruling that railroad benefits are immune from community property claims.
A concurring opinion in Cose stresses that but for Hisquierdo there would be no federal pre-emption in this area, in accord with the case In Re Fithian. But because Hisquierdo is now the controlling law on the subject, the Court held that the supremacy clause prohibits application of state property settlement concepts relating to divorce proceedings to military benefits.
This Court again notes that the constitutional supremacy clause argument rejected in Moon was used by the U. S. Supreme Court as the basis for Hisquierdo. Likewise, the premise of the California case of Fithian relied upon by seemingly every court that has considered the matter has now been refuted by the U. S. Supreme Court in Hisquierdo. The Supreme Court of Alaska, in Cose found the legislative intent of the military retirement provisions *941 to be similar to the Congressional intent of the railroad statutes. Finally, although Hisquierdo only dealt with the Railroad Retirement benefits, we are convinced that military retirement benefits are in the same category and cannot be considered a part of the community.
In our opinion the same rationalization used in Hisquierdo regarding railroad retirement benefits is applicable to the defendant's Air Force retirement benefits involved in the instant case. We find it very persuasive, as did the courts in Hisquierdo and Cose, that Congress enacted legislation waiving federal immunity in cases seeking alimony and child support and subsequently defined that waiver to preclude cases involving community property claims.
For the foregoing reasons, and for those given by the trial court as set forth above, we affirm the judgment. Costs are taxed to plaintiff-appellant.
NOTES
[1] Art. 2405. At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited.