410 So.2d 262 (1982)
Mary RASBURY, wife of Joseph Roger Baudier
v.
Joseph Roger BAUDIER.
No. 12253.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1982.
Philip R. Riegel, Jr., Parlongue & Riegel, New Orleans, for plaintiff-appellant.
*263 Evangeline M. Vavrick, New Orleans, for defendant-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.
Mary Rasbury Baudier (hereafter the wife) and Joseph Roger Baudier (hereafter the husband) were divorced and entered into a community property settlement. The community, according to the Baudiers, consisted of the family home, its contents, boat, car and various life and burial insurance policies. No mention of a serviceman's retirement pension was made in the settlement. More than five years after the settlement, the wife filed suit for an accounting on and the partition of the military service pension. The husband filed an exception of prescription which was upheld by the trial court. On an appeal, 370 So.2d 659 (1979), this court reversed the trial court's ruling on the exception of prescription and remanded the case for further hearing. Following the hearing on the merits, the trial judge dismissed the wife's claim and discharged the husband from any further accounting. The wife brought this appeal. She assigns error to the trial judge's finding that the military retirement pay was considered in arriving at the community settlement but omitted from the Act of Partition because of a waiver by the wife. Further error is assigned to the trial court holding that the Federal Supremacy clause, Article VI, Clause 2 of the United States Constitution prohibited the application of the Louisiana Community Property Laws to the husband's military retirement pension. We find no manifest error in the trial judge's ruling.
On the hearing on the merits, the trial judge found the following relevant facts as to the retirement pension:
"On January 2, 1941, Mr. Baudier enlisted with the U. S. Navy Department. Upon serving some twenty-two (22) years, eleven (11) months and one (1) day of active dutytwenty-one (21) years of which the litigants herein were married, Mr. Baudier retired from the Navy on December 2, 1963. He was thereafter transferred to the retired list of the U.S. Navy/Naval Reserve effective January 1, 1971.
Since January 1964, Mr. Baudier received his monthly navy retirement benefits. The said military service pension plan was not a contributory one in which deductions were made from the serviceman's salary or in which matching funds were made by employer/employee. Rather, one had to be enlisted in the navy for some twenty (20) years in order to obtain retirement benefits. The navy retirement had no cash surrender value at dissolution of the community nor has it any present cash surrender value; the said pension ceases upon the retirant's death."
Ms. Vavrick, the notary who effected the original partition agreement testified that the retirement pension was discussed and considered; but omitted from specific mention in the act of partition because it had no cash surrender value and they did not want the agreement to be subject to attack on the grounds of lesion.
From the evidence submitted at the hearing, the trial judge concluded that the husband and wife were aware of the husband's military retirement benefits, had discussed same with their respective attorneys and it was not included in the final settlement agreement because it had no cash surrender value. He concluded, therefore, that the failure to mention the retirement pay in the settlement agreement was not a mutual oversight, but rather, a waiver on the wife's part to have it included in the act.
There is ample evidence in the record to support the trial judge's finding of facts and his conclusion that the military retirement pension was discussed and omitted from the act of partition for a specific reason rather than as an oversight. However, assuming arguendo that he might be found in error in those conclusions, the trial judge went on to support the reasons for his ruling with an analysis of the legal issue involved in the United States Supreme Court's holding in Hisquierdo v. Hisquierdo, *264 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979).
These same legal issues were involved in DeDon v. DeDon, 390 So.2d 937 (La.App. 2nd Cir. 1980). There the wife relied on an earlier line of jurisprudence[1] holding military retirement pay was subject to Louisiana community property laws. Since the trial judge in the DeDon case had written comprehensive reasons for following the United States Supreme Court ruling in the Hisquierdo case and the Alaskan Supreme Court case, Cose v. Cose, 592 P.2d 1230 (Alaska 1979), rather than this earlier line of jurisprudence, our brothers in the Second Circuit adopted the trial court's reasons for judgment as their own. Likewise here, we are favored with a scholarly discussion by the trial judge of the legal issues in the Hisquierdo case. Hence, in affirming him, we adopted his reasons which follow as our own:
"Mr. Baudier relies upon Hisquierdo v. Hisquierdo, [439 U.S. 572,] 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), which held that the Railroad Retirement Act of 1974, 45 U.S. C.A. § 231 et seq. precluded a spouse's community property claim to her former husband's retirement benefits. The Court therein held that California community property law impermissably conflicted with the interests of Congress in drafting the Railroad Retirement Act, thereby precluding the state court from recognizing or awarding the wife an interest in the husband's expected benefits under the aforesaid Act. The Supreme Court reasoned that to order the husband to pay his former spouse part of his benefits, or any offsetting award recognizing her interest in the benefits would be an undermining of the anti-attachment provision of the Act, 45 U.S.C.A. § 231m, which exempts such benefits from legal process, except for satisfaction of the legal obligation for child support or alimony. Social Security Act, 42 U.S.C.A. § 659.

Hisquierdo, supra, has had an impact on state jurisprudence elsewhere, although not specifically in Louisiana to date. In Cose v. Cose, 592 P.2d 1230 (Alaska 1979), the Supreme Court of Alaska held that an ex-wife's claim to her former husband's army retirement benefits had no merit since the federal supremacy claim prohibited the application of state community property laws to military retirement plans.
More particularly, this Court notes that Sec. 1450 of the military Survivor Benefit Plan contains an anti-attachment and anti-assignment provision similar to Sec. 231m of the Railroad Retirement Act, which the U.S. Supreme Court so heavily relied upon in Hisquierdo, supra. The Supreme Court of Alaska, in Cose, supra, found the legislative intent of the military retirement provision to be similar to the Congressional intent of the railroad statutes.
This Court concludes therefore that the Hisquierdo decision is controlling here, and, therefore, holds that the military service pension at bar would not be an asset of the community of acquets and gains accumulated by the Baudiers, assuming arguendo that it had been deleted from the Act of Partition and Community Property Settlement which was executed by them herein."
The husband made no contribution to the retirement plan involved here. Hence, appellant's alternative argument for reimbursement to the community based upon the use of community funds for pension contributions is not applicable.
Accordingly, the judgment of the trial court is affirmed. All costs to be borne by the appellant.
AFFIRMED.
NOTES
[1] Swope v. Mitchell, 324 So.2d 461 (La.App. 3rd Cir. 1975) Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir. 1977)