**James Henry CHASE, Appellant,**

v.

**Marlene Greer CHASE, Appellee.**

**No. 6296.**

Supreme Court of Alaska.

April 29, 1983.

Jeffrey M. Feldman, Gilmore & Feldman, Anchorage, for appellant.

Wilson A. Rice, Law Offices of John Reese and Wilson A. Rice, P.C., Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Chief Justice.

The issue presented on appeal is whether military retirement benefits are divisible marital property upon dissolution of marriage.

James Henry and Marlene Greer Chase were married on August 13, 1955. One year prior to the marriage, James had entered the United States Air Force. He retired in 1974 and began to collect his military retirement pay.

Divorce proceedings were initiated in January 1980. A property settlement agreement was filed with the trial court and resolved all aspects of the Chases' property, with the exception of James's retirement pay. A subsequent stipulation was entered into and filed by the parties which divided James's retirement pay if the court held that such pay was legally divisible upon divorce. If the military retirement pay was not divisible property, then Marlene would receive one-half of the remainder of the marital estate as per the property agreement, waiving any right to alimony, support, or maintenance.

The superior court held that James's military retirement pay was available for equitable division and was to be divided in accordance with the terms of the stipulated agreement: Marlene to receive one-half ($\frac{1}{2}$) of nineteen-twentieths ($\frac{19}{20}$ths) of his retirement pay.

In *Cose v. Cose*, 592 P.2d 1230 (Alaska 1979), *cert. denied* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981), we held that the federal Supremacy Clause preempts and prohibits the application of the state's property law to military retirement pay. The United States Supreme Court used like reasoning in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and held that Congress intended retirement pay to be a personal and exclusive entitlement of the military retiree. As such, the application of state property law dividing the retiree's military pay upon divorce was prohibited.

In September 1982, however, Congress passed the Department of Defense Authorization Act which included Title X, the Uniform Services Former Spouses Protection Act. This title provides that a court may treat disposable military retirement pay either as property solely of the military member or as property of both the member

and spouse in accordance with the law of the jurisdiction of such court. P.L. 97–252 § 1002(a); 10 U.S.C. § 1408(c)(1). The Act further provides that military retirement pay is subject to state law retroactive to the date of the *McCarty* decision, June 25, 1981. It was Congress' intent by passage of the Act to alleviate hardship on former spouses of military personnel by allowing courts to consider retirement pay in fashioning divorce settlements. *See* Legislative History, P.L. 97–252, U.S.Code Cong. & Admin.News 1982, p. 1555, at 1570, 1599. This remedial action by Congress, therefore, obviates *McCarty* and in turn becomes controlling under the Supremacy Clause.

In light of the federal legislation giving state courts the option to consider military retirement pay in effecting an equitable and just property division, and pursuant to the stipulated property agreement between James and Marlene Chase, the superior court was correct in holding that it has "discretionary power to consider [James Chase's] military retirement in the distribution of the marital assets." We affirm, therefore, the superior court's decision awarding Marlene Chase that amount equal to one-half (½) of nineteen-twentieths (¹⁹⁄₂₀ths) of James Chase's military retirement pay.

The judgment is AFFIRMED.