**Charles R. MORLAN, Appellant,**

**v.**

**June M. MORLAN, Appellee.**

**No. S–1092.**

Supreme Court of Alaska.

June 20, 1986.

---

Lawrence Z. Ostrovsky, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

John T. Hansen, Anchorage, for appellee.

OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MATTHEWS, Justice.

As a part of the property division in this divorce case, the trial court awarded the appellee, June Morlan, the entire amount of her husband Charles's pension adminis-tered by the Alaska Teamster Employer Pension Trust. The trial court restrained Charles from doing anything to defeat June's rights to receive pension benefits. In context, this means that Charles is re-strained from working as a teamster in Alaska, the occupation that he has long pursued, because if he does, pension pay-ments will be suspended. Charles contends that this aspect of the trial court's order is unjust and therefore violates AS 25.24.-160(4).[1]

 Because of complexities like this, pension rights should generally be awarded to the employee spouse if there is other marital property of appropriate worth which can be awarded to the non-employee spouse. *In re Marriage of Gillmore,* 29 Cal.3d 418, 174 Cal.Rptr. 493, 629 P.2d 1, 7 (1981). In the present case, this was not possible because the value of the pension exceeded the value of all the other marital assets. When pension rights have been awarded to the non-employee spouse it is harsh to require the employee spouse to retire so that the other can receive them. In recognition of this, other courts have given the employee spouse the option of not retiring and periodically paying the non-employee spouse sums equal to the pension benefits which otherwise would have been received. *Gillmore,* 174 Cal.Rptr. at 499–501, 629 P.2d at 6–8; *Wallace v. Wallace,* 677 P.2d 966, 967 (Hawaii App. 1984). In our view, it was clearly unjust to deprive Charles of such an option in this case.

The judgment is vacated and the case is REMANDED with instructions to the supe-rior court to enter a modified judgment in accordance with the views expressed here-in.

1. Formerly AS 25.24.160(6), this provision was renumbered "(4)" by amendment effective Octo-ber 1, 1985, am § 3 ch 40 SLA 1985. Alaska Statute 25.24.160 states in relevant part:

In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide

. . . .

(4) for the division between the parties of their property, whether joint or separate, ac-quired only during coverture, in the manner as may be just. . . .