Harold HERNING, Ron Oltoff, Rex Jones, Ed Gustafson and Tom Flynn, Appellants,

v.

Robert F. EASON and First Baptist Church of Fairbanks, Appellees.

No. S–1733.

Supreme Court of Alaska.

July 2, 1987.

Scott L. Taylor, Hoppner & Paskvan, Fairbanks, for appellants.

Ralph R. Beistline and Ann Stoloff Brown, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This appeal presents two issues. The first is whether the members of a nonprofit corporation have the right to vote by proxy when proxy voting was not authorized by statute when the corporation was organized. The second is whether requiring an incorporated church to recognize proxy votes violates the free exercise clause. We conclude that the members have the statutory right to vote by proxy and that the church failed to present sufficient evidence to support the free exercise claim.

## I. FACTS AND PROCEEDINGS

The First Baptist Church of Fairbanks (the Church) is a nonprofit corporation. During a regular business meeting, member Harold Herning moved to remove Pastor Robert Eason from the pulpit. Of the members present, forty-two voted to retain Eason, thirty-two to remove him. In addition, Herning submitted fifty-seven proxy votes to remove Eason. The meeting moderator refused to recognize the proxy votes and the attempt to remove Eason was defeated according to the votes cast by members present at the meeting.

Herning and several other church members sued Eason and the Church for a declaration that proxy voting was permitted in church business meetings. The superior court entered summary judgment for the Church, concluding that the legislature did not intend the 1968 statute permitting proxy voting to apply retrospectively to a corporation organized under prior statutes which did not permit proxy voting.[1]

This appeal followed. We reverse and remand for the reasons set forth below.

## II. THE RIGHT TO VOTE BY PROXY

A member [of a nonprofit corporation] ... may vote in person or, unless the articles of incorporation or the bylaws otherwise provide, may vote by proxy executed in writing by the member.... A proxy is not valid after eleven months from the date of its execution, unless otherwise provided in the proxy.

AS 10.20.071(b).

Section 71(b) was part of the 1968 amendments to the Nonprofit Corporation. Act. Ch. 99, § 1, SLA 1968. Herning argues that, on its face, the statute applies to all nonprofit corporations, regardless of their date of incorporation. The Church contends that the legislature intended section 71(b) to apply only to nonprofit corporations organized after the effective date of the 1968 amendments; thus, it does not apply to the Church. The superior court refused to apply section 71(b) to the Church because the legislature did not clearly indicate its intent that section 71(b) apply retroactively.

In *Matanuska Maid v. State*, 620 P.2d 182 (Alaska 1980), we ruled that a provision

of the 1975 Alaska Restraint of Trade Act, which enlarged the investigative powers of the attorney general's office, authorized the attorney general to demand corporate documents created in 1967, even though the corporation could not be prosecuted for pre–1975 violations. *Id.* at 186–87 & n. 9. We emphasized that the statute merely changed investigatory procedures without providing access to material which would have been privileged under former law, stating that "mere procedural changes which do not affect substantive rights are not immune from retrospective application." *Id.* at 187.

■ If an amendment permitting proxy voting is a purely procedural change, it may be retroactively applied to the Church.[2] We believe that the 1968 amendment merely changes the procedure by which corporate members may exercise their substantive voting rights. The statute neither dilutes nor enlarges the substantive right to vote. Moreover, the plain language of section 71(b) suggests that the legislature intended it to apply to preexisting corporations. If the statute did not apply, the voting rights of members of nonprofit corporations would vary depending upon when the corporation was organized. This flies in the face of the comprehensive statutory scheme enacted in 1968 to govern nonprofit corporations. We therefore conclude that AS 10.20.071(b) applies to the Church and authorizes proxy voting absent a contrary provision in the corporate articles or bylaws.[3]

■ The Church contends that its articles and bylaws prohibit proxy voting because they refer to voting by members "present" at any meeting. Paragraph X of

---

1. The Church incorporated in 1947 under §§ 971–76 CLA (1933), the forerunner of the Alaska Nonprofit Corporation Act, AS 10.20.005 —.725. The 1968 amendments to the Nonprofit Corporation Act expressly authorized proxy voting for the first time. Ch. 99, § 1, SLA 1968.

2. Laws amending corporate charters are necessarily retroactive. 2 C. Sands, *Statutes and Statutory Construction* § 41.02, at 248 (1973).

3. The Church argues that requiring it to recognize proxy votes would violate the contracts clause of the U.S. Constitution. U.S. Const. art.

I, § 10, cl. 1. It reasons that a corporate charter is a contract constitutionally protected from impairment by the state. The obligation of a contract is impaired by any material obligation of the corporate charter. *See* 7A W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 3661 (1978 rev. perm. ed.), 14 Fletcher, *supra*, § 6707 (1980 rev. perm. ed.). However, a purely procedural change does not constitute a material alteration of a contract; thus, the amendment permitting proxy voting does not violate the contracts clause.

the articles of incorporation provides for amendment of the articles "when authorized by vote of two-thirds of the members, present at any regular business meeting." Under Bylaw 1, the "membership present" at a meeting may terminate a membership voluntarily or involuntarily.

We do not believe that these provisions clearly prohibit proxy voting. A member may be "present" in person or by proxy, *see* 5 Fletcher, *supra* n. 3, § 2013, at 77 (1976 rev. perm. ed.) (proxies are counted to establish a quorum). We conclude that the articles and bylaws do not prohibit proxy voting.

### III. THE FREE EXERCISE CLAUSE

■ The Church argues that requiring it to recognize proxies violates the free exercise clause [4] because it is a congregationalist church. Herning contends that the Church presented no evidence that a tenet of the Baptist faith precludes proxy voting.[5]

If a general law infringes on a person's freedom to act according to her religious beliefs, the state has a duty to accommodate those beliefs by creating exemptions to the general law unless the state has a compelling interest in enforcing the law which will suffer by granting the exemption. *Frank v. State*, 604 P.2d 1068, 1070–73 (Alaska 1979). A claimant may invoke the free exercise clause if a religion is involved, the conduct is religiously based, and the claimant is sincere in her religious motivation. *Id.* at 1071. Only the religious basis of the conduct is an issue in the instant appeal.

Conduct is considered religiously based if the practice is deeply rooted in a religious belief; strict necessity is not required. *Id.* at 1072–73. Thus, in *Frank* we ruled that killing a moose out of season for use in a funeral potlatch was religiously based conduct because moose is the most desirable native food to serve at a potlatch, equivalent to a sacred symbol, even though it is not an essential requirement. *Id.* In contrast, when there is no showing of religious significance in the location of a parochial school, the free exercise clause does not require an exemption from a city zoning ordinance to permit a church to build a school next to its chapel, especially when the church chose to erect its chapel in that neighborhood knowing that schools were not permitted uses. *Seward Chapel v. City of Seward*, 655 P.2d 1293, 1301–02 (Alaska 1982).

In support of its free exercise defense, the Church asks this court to take judicial notice of *Pendleton's Church Manual* and the constitution of the 1985 Southern Baptist Convention as evidence of the religious basis for prohibiting proxy voting.[6] Alaska Rule of Evidence 201. This evidence alone is insufficient to support the conclusion that congregationalist doctrine permits voting only by members physically present at business meetings, and no other evidence was offered below. We therefore conclude that the free exercise defense must fail in the instant appeal.[7]

---

4. U.S. Const. amend. I provides in part:
   Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof....
   Alaska Const. art. I, § 4 provides:
   No law shall be made respecting an establishment of religion, or prohibiting the free exercise thereof.

5. Herning also asserts that the free exercise argument was not presented to the trial court. We generally decline to address theories not raised by the parties below. *State, Dept. of Educ. v. Nickerson*, 711 P.2d 1165, 1170 n. 6 (Alaska 1985); *Williams v. Alyeska Pipeline Serv. Co.*, 650 P.2d 343, 351 (Alaska 1982). Here, however, we observe that the Church did raise the free exercise defense in its answer to the complaint, although it produced no evidence to

support it. Our conclusion that the Church has failed to present sufficient supporting evidence on appeal renders it unnecessary for us to determine whether the Church in fact waived the free exercise defense.

6. *See Bethel Conservative Mennonite Church v. Commissioner*, 746 F.2d 388, 392 (7th Cir.1984) (court may take judicial notice of documents detailing history of various church mutual aid practices).

7. We note that a church organized as a nonprofit corporation that desires to avoid the use of proxy voting may enact an article or bylaw prohibiting or limiting the practice. AS 10.20.-071(b). Moreover, it may organize as a religious corporation under AS 10.40.010-.150, which does not authorize voting by proxy.

The decision of the superior court is RE-VERSED and the case REMANDED to the superior court for further proceedings.