**Jim D. RICE, Appellant, Cross–Appellee,**

v.

**Diana Lee RICE, Appellee, Cross–Appellant.**

Nos. S–2249, S–2275.

Supreme Court of Alaska.

July 1, 1988.

Gary W. Vancil, Fairbanks, for appellant, cross-appellee.

Dennis E. Cook, Staley, DeLisio, Cook & Sherry, Inc., Fairbanks, for appellee, cross-appellant.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This appeal is from a divorce decree. Jim D. Rice and Diana Lee Rice were married in 1976. Prior to and throughout the marriage, Jim was employed by the City of Fairbanks Fire Department. One of his employment benefits includes enrollment in the Public Employees' Retirement System (PERS).

The trial court treated the retirement fund as a marital asset, divided it in half as of the date of divorce and entered a Qualified Domestic Relations Order (QDRO) to pay one-half of the retirement benefits to Diana when Jim either resigns, is terminated or becomes deceased. Jim appeals the division of his retirement account by the use of a QDRO. Dianne cross-appeals the trial court's valuation of the Rice fox fur farm. We affirm.

## DISCUSSION

We first observe that "accrued benefits" of the PERS enjoy constitutional protection. Article XII, § 7 of the Alaska Constitution provides that those benefits "shall not be diminished or impaired." This appeal raises the issue whether dividing a

PERS account by use of a QDRO unconstitutionally diminishes or impairs Jim's benefits.

## A. RETROACTIVE APPLICATION OF AS 39.35.500.

In 1986 the legislature enacted House Bill 237 which consisted of several amendments to the PERS implementing protections for non-employee spouses. *See generally* ch. 117, §§ 32–54, SLA 1986; Governor's Transmittal Letter to H.B. 237, 1 House Journal 437 (1985). *See, e.g.,* AS 39.35.450, .455, .490, .500, .680. The amendments took effect in January 1987, after Diana filed for divorce but before it was granted. The key amendment upon which Jim bases this appeal creates a narrow exception to the statutory prohibition against the assignability of retirement benefits. *See* AS 39.35.500. The amendment permits retirement benefits to be assigned pursuant to a QDRO. *Id.*

Jim first argues that implied retroactive changes to PERS are specifically prohibited. AS 39.35.547.[1] He contends that a statute is not retroactive unless it expressly says so. AS 01.10.090; AS 01.10.100.[2] Thus, he concludes that because the amendment to AS 39.35.500 does not explicitly provide that prior vested benefits may be assigned and because such an assignment diminishes and impairs his benefits, the trial court erred in assigning his benefits via the QDRO. Diana responds that the amendment to AS 39.35.500 merely effects a procedural change in the law. She argues restrictions against retroactive application of statutes are inapplicable when the change in the law is procedural.

■ We have repeatedly held that to the extent retirement benefits have been earned during the marriage, they constitute marital assets and are subject to equitable division. *See Laing v. Laing,* 741

P.2d 649, 655–58 (Alaska 1987); *Miller v. Miller,* 739 P.2d 163, 166 (Alaska 1987); *Morlan v. Morlan,* 720 P.2d 497, 498 (Alaska 1986); *Chase v. Chase,* 662 P.2d 944, 946 (Alaska 1983); *Monsma v. Monsma,* 618 P.2d 559, 561 (Alaska 1980); *Cose v. Cose,* 592 P.2d 1230, 1233 (Alaska 1979) (Matthews, J. concurring) *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981). Although we have suggested a preference for awarding the benefits "to the employee spouse if there is other marital property of appropriate worth which can be awarded to the non-employee spouse," *Morlan,* 720 P.2d at 498, that rule is simply one of preference. Once a court determines that other assets are insufficient to sustain an equitable division of property, we have instructed the trial court to give "the employee spouse the option of not retiring and periodically paying the non-employee spouse sums equal to the pension benefits which otherwise would have been received." *Id.* Thus, even prior to the amendment of AS 39.35.500, it was clearly within the trial court's power to order the employee spouse to pay the non-employee spouse a percentage of the retirement benefits. *See* AS 25.24.160(4); *Laing,* 741 P.2d at 658 ("Realistically, there is such a variety of pension plan designs that it is impossible to develop any one detailed formula that will produce an equitable result in every instance. Once the pension has vested, the trial court can determine whether the present value or retained jurisdiction approach is appropriate in a given case and adopt that approach to the specific circumstances presented.") Consequently AS 39.35.500 as amended merely codifies the means by which to distribute an asset. As such the amendment is procedural.

Procedural changes in the law which do not affect substantive rights may be applied retroactively. *Herning v. Eason,* 739 P.2d 167, 168 (Alaska 1987) (citing *Mata-*

---

1. AS 39.35.547(a) provides:
   An amendment of this chapter is not retroactive unless its retroactivity is expressly stated in the amendment.

2. AS 01.10.090 provides:
   No statute is retrospective unless expressly declared therein.

AS 01.10.100 provides in part:
   (a) The repeal or amendment of any law does not release or extinguish any penalty, forfeiture, or liability incurred or right accruing or accrued under such law, unless the repealing or amending act so provides expressly.

*nuska Maid, Inc. v. State,* 620 P.2d 182, 186–87 (Alaska 1980)). In *Matanuska Maid* we indicated one of the substantive rights of concern is increased liability. 620 P.2d at 187. We conclude that dividing Jim's PERS account with a QDRO does not increase Jim's liability to Diana or affect his other substantive rights. Using a QDRO simply transfers the ministerial act of payment to Diana from Jim to the state. Because this is a procedural change, the restriction against retroactive application of statutes is inapplicable.

## B. DIMINISHMENT OR IMPAIRMENT OF BENEFITS.

■ Jim also contends that distributing his PERS account pursuant to a QDRO unconstitutionally operates to his disadvantage and must be offset by comparable new advantages to him. *See* Alaska Const. art. XII, § 7; *Sheffield v. Alaska Public Employees Ass'n,* 732 P.2d 1083, 1087 (Alaska 1987). The modifications to PERS which we have found to operate to disadvantage an employee are those changes which reduce the dollar amount of the benefits payable [3] or the requirements for eligibility. Here the dollar amount of Jim's PERS account has not been reduced. Rather it is the manner by which the funds are distributed which has been altered. Distributing the account using a court order cannot be said to disadvantage the employee. Indeed, use of a QDRO arguably benefits Jim because he need not satisfy his property division obligations through forced retirement or a lump sum payment. We thus conclude that the trial court did not err by dividing Jim's PERS account accrued prior to 1987 by a QDRO.

## C. FOX FUR FARM VALUATION

Diana's cross-appeal concerns the trial court's valuation of the Rice fox fur farm. Diana argues that the trial court underesti-

mated the fox farm's value. She claims it is worth $63,000 while the trial court found: "[a]fter reducing [the farm's] net value by the amount of the indebtedness due Alaska Renewal Resources, the court finds that the fox farm has a negligible value." A trial court's valuation of marital property is a factual determination. *Julsen v. Julsen,* 741 P.2d 642, 645 (Alaska 1987). Findings of fact made at trial will not be set aside on appeal unless they are clearly erroneous. Alaska R.Civ.P. 52(a); *Brooks v. Brooks,* 733 P.2d 1044, 1051 (Alaska 1987). Based upon our review of the record, we conclude that the trial court's finding is supported by the evidence and is not clearly erroneous.

## CONCLUSION

The decision of the trial court is AFFIRMED.

---

3. For example, in *Sheffield v. Alaska Public Employees Ass'n,* 732 P.2d 1083 (Alaska 1987), the Retirement Board administratively sought to compute retirement benefits according to actuarial factors adopted subsequent to the commencement of an employee's employment. The new factors would have reduced the employee's amount of benefits. We held that article XII, section 7 of the Alaska Constitution prohibits such a reduction in benefits. 732 P.2d at 1087. Similarly, in *Hammond v. Hoffbeck,* 627 P.2d 1052 (Alaska 1981) we held unconstitutional an amendment which reduced the percentage of monthly salary according to which the benefits of certain retirees were calculated.