Minnie L. JOHNSON, Appellant,

v.

Leroy Benjamin JOHNSON, Appellee.

No. S–4063.

Supreme Court of Alaska.

Jan. 24, 1992.

Andrew J. Fierro, Kemppel, Huffman and Ginder, P.C., Anchorage, for appellant.

William T. Ford, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

On June 30, 1977, Leroy Johnson and Minnie Johnson obtained a divorce decree from the superior court after twenty-one years of marriage. The divorce decree incorporated a property settlement approved by the court. However, this property settlement did not address Leroy's military retirement benefits in any way. Leroy retired shortly following the divorce and began drawing his military pension. Leroy and Minnie briefly remarried in 1981. They obtained a divorce in South Carolina. The South Carolina court found that the couple had not acquired any property during the two-month marriage and therefore made no property division.[1]

 On May 10, 1990, Minnie filed this action against Leroy, seeking the equitable division of his military retirement benefits.[2] The superior court denied Minnie's request. On appeal, Minnie argues that she is entitled to an equitable share of Leroy's military retirement pension under current law. We disagree.

In 1983, Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA). The USFSPA makes it a question of state law whether military retirement benefits should be considered in marital property division. The law provides:

> Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

---

1. The 1981 South Carolina marriage and subsequent divorce have no bearing on whether Minnie may obtain equitable division of Leroy's military retirement benefits. Since Leroy retired in 1978, none of these benefits accrued during the two-month marriage.

2. The procedural basis for Minnie's motion to equitably divide Leroy's military benefits is unclear.

 We recently observed that the courts are not authorized to dispose of assets on a piecemeal basis where the parties' property rights have been purportedly adjudicated and incorporated into a final judgment. In such cases, relief may only be granted within the parameters of Civil Rule 60(b). *Lowe v. Lowe,* 817 P.2d 453, 456 (Alaska 1991). Given the facts in this case, Minnie could only seek relief from the 1977 divorce decree under subsection (6), which authorizes the court to set aside a judgment for "any other reason justifying relief from the operation of the judgment." On the record presented, it is unclear whether Minnie's motion satisfies the requirements for a 60(b) motion set out in *Lowe. Id.* at 456–59. Furthermore, since a motion under subsection 60(b) must be brought within a "reasonable time," Minnie's motion, filed thirteen years after the parties' first divorce, is very likely time barred. *See id.* at 459.

 In *Van Brocklin v. Van Brocklin,* 635 P.2d 1186, 1187 (Alaska 1981), we held that where a divorce decree does not settle the property rights of the parties because all property issues were withdrawn from the court's consideration, a court may later divide the marital property on the motion of an ex-spouse. However, *Van Brocklin* does not necessarily authorize an independent action in cases like Minnie's, where the property division approved by the court and incorporated in the final divorce decree omitted a single asset.

 However, since we decide this case on other grounds, we do not reach these procedural problems here.

10 U.S.C. § 1408(c)(1). Congress specifically made the USFSPA retroactive to June 25, 1981, in order to undo the effects of the 1981 United States Supreme Court decision which held that federal law preempted the application of state marital property concepts to military retirement benefits. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

■ Military retirement benefits may be equitably divided under Alaska law.[3] *Chase v. Chase,* 662 P.2d 944 (Alaska 1983). Consequently, Minnie argues that the superior court erred in denying her request to equitably divide Leroy's retirement benefits.

However, Congress amended the USFSPA in November 1990. The amendments explicitly prohibit reopening divorce decrees entered prior to June 25, 1981, in order to equitably distribute previously undivided military retirement benefits.

> A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

10 U.S.C. § 1408(c)(1). Under this section, a final decree is "a decree from which no appeal may be taken or from which no appeal has been taken within the time allowed for taking such appeals ... or a

decree from which a timely appeal has been taken and such appeal has been finally decided...." 10 U.S.C. § 1408(a)(3).

Clearly the 1990 amendment preempts any right to relief that Minnie might have had under Alaska law because the 1977 divorce decree is a final decree, it was issued before June 25, 1981, and it did not treat, or reserve jurisdiction to treat, any amount of Leroy's retired military benefits as marital property.

■ This is true regardless of the fact that Congress enacted the 1990 amendment while this appeal was pending. In general, where a controlling law changes between the entering of judgment below and consideration of the matter on appeal, the appellate court should apply the new or altered law where the legislature intended retroactive application. *Marine Power & Equip. Co. v. Washington State Human Rights Comm'n,* 39 Wash.App. 609, 694 P.2d 697, 703 (1985). In this case, the retroactive intent of Congress is clear.

> The committee is concerned because some state courts have been less than faithful in their adherence to the spirit of the law. The reopening of divorce cases finalized before the Supreme Court's decision in *McCarty v. McCarty* that did not divide retired pay continues to be a significant problem. Years after final divorce decrees have been issued, some state courts, particularly those in California, have reopened cases (through partition actions or otherwise) to award a share of retired pay. Although Congress has twice stated in report language that this result was not intended, the practice continues unabated. Such action is inconsistent with the notion that a final

---

3. The superior court erroneously based its denial of Minnie's motion on our 1979 decision in *Cose v. Cose,* 592 P.2d 1230 (Alaska 1979), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981). In *Cose,* we held that federal law preempted the application of state marital property concepts to military retirement benefits. *Id.* at 1232. The *Cose* court primarily based its decision on the United States Supreme Court decision *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), which held

that federal law preempted the application of state marital property concepts to benefits under the Railroad Retirement Act. After Congress enacted the USFSPA, we held that military retirement benefits were available for equitable division under Alaska law. *Chase v. Chase,* 662 P.2d 944 (Alaska 1983).

However, the superior court's error is harmless because the 1990 amendment to the USFSPA preempts any right to relief Minnie might have had under Alaska law.

decree of divorce represents a final disposition of the marital estate.
H.R.Rep. No. 665, 101st Cong., 2nd Sess. 279, *reprinted in* 1990 U.S.Code Cong. & Admin.News 2931, 3005. Although it is undoubtedly a hardship for Minnie, her arguments cannot overcome the clear language of the act.[4]

Accordingly, we affirm the superior court's order denying Minnie's motion, albeit on different grounds.

AFFIRMED.

---

**4.** Alternatively, Minnie argues that she should at least be able to collect her share of Leroy's pension from the date of his retirement up to November 1992, even though the superior court denied her motion. She bases this argument on her reading of the Act's effective date provision.

In the case of a judgment issued before the date of enactment of this Act, such amendment shall not relieve any obligation, otherwise valid, to make a payment that is due to be made before the end of the two-year period beginning on the date of this Act.

Amendments to Uniformed Services Former Spouses' Protection Act, Pub.L. 101–510, 104 Stat. 1570 (1990). This argument is obviously flawed since the court did not grant Minnie's motion and consequently did not place Leroy under an obligation to pay a share of his retirement benefits to Minnie. *See Mote v. Corser,* 810 S.W.2d 122, 124 (Mo.1991).