*NOTICE*

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DEBORAH M. ISTURIS, ) | |
| ) | Supreme Court No. S-14779 |
| Appellant, ) | |
| ) | Superior Court No. 1JU-94-01829 DR |
| v. ) | |
| ) | MEMORANDUM OPINION |
| RUDOLPH M. ISTURIS, JR., ) | AND JUDGMENT[*] |
| ) | |
| Appellee. ) | No. 1462 - June 26, 2013 |
| ) | |

> Appeal from the Superior Court of the State of Alaska, First Judicial District, Juneau, Philip M. Pallenberg, Judge.
>
> Appearances: Steven C. Levi and Gloria S. Levi, Anchorage, Guardians for Appellant. Gregory W. Lessmeier, Lessmeier & Winters LLC, Juneau, for Appellee.
>
> Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I.    INTRODUCTION

Rudolph and Deborah Isturis divorced 18 years ago. Their divorce decree incorporated a property settlement agreement that gave Rudolph fifty percent of Deborah's pension benefits, which he would receive in monthly payments. In 2011 Deborah, now suffering from serious mental disabilities and residing in an assisted-living facility, petitioned through her legal guardians to reopen the divorce proceeding under Alaska Civil Rule 60(b)(5), which allows for relief from judgment if, as relevant here,

---

[*]    Entered under Appellate Rule 214.

"it is no longer equitable that the judgment should have prospective application." She claims that she is in dire financial need, that Rudolph caused her current condition, and that it is no longer equitable that he should receive the payments due him under the property settlement agreement. The superior court denied the petition. We affirm.

## II.    FACTS AND PROCEEDINGS

Rudolph M. Isturis, Jr. and Deborah M. Isturis married in 1981 and divorced in 1995. Both were represented by counsel during their divorce proceedings. Their divorce decree incorporated a property settlement agreement that addressed Deborah's account with the Public Employees' Retirement System (PERS), a marital asset then worth $15,278. Through a Qualified Domestic Relations Order (QDRO), the agreement gave Rudolph a fifty-percent ownership of the PERS monthly benefit. The divorce decree, along with the accompanying property settlement agreement and QDRO, was issued in March 1995.

In November 2011 Deborah, through her guardians, filed a pro se petition to reopen the divorce case under Alaska Civil Rule 60(b)(5). In her petition and subsequent reply, Deborah claimed that her mental health began to deteriorate in 1997; that she currently lives in an assisted-living facility; that her income is now insufficient to meet the expenses of her treatment and care; and that her mental condition likely resulted from abuse that Rudolph inflicted on her during their marriage. Arguing that the divorce decree's prospective application was no longer equitable,[1] she asked the superior court to suspend all PERS payments to Rudolph pending a review of newly-available medical evidence.

---

[1]    Although Deborah ties this argument to the likelihood that Rudolph caused her current state, she also argues that she "is oppressed regardless of the cause of her illness and disability. She cannot meet her basic needs with her current income."

Superior Court Judge Philip M. Pallenberg denied the petition and Deborah's subsequent motion for reconsideration, explaining that Civil Rule 60(b)(5) did not apply. Deborah appeals through her guardians.

## III. DISCUSSION

### A. Standard Of Review

"We review a superior court's decision to deny relief under Civil Rule 60(b)(5) for abuse of discretion, reversing only if we are 'left with the definite and firm conviction on the whole record that the trial court has made a mistake.' "[2]

### B. The Superior Court's Denial Of The Petition Was Not An Abuse Of Discretion.

In the superior court, Deborah relied primarily on Rule 60(b)(5), contending that the PERS payments required by the QDRO constitute prospective relief that "is no longer equitable" in light of her dramatically changed circumstances.[3] She argues on appeal that the superior court erred in failing to consider the fact that Rudolph had caused her condition. We find no abuse of discretion.

---

[2]   *Cox v. Floreske*, 288 P.3d 1289, 1292 (Alaska 2012) (quoting *Princiotta v. Municipality of Anchorage*, 785 P.2d 559, 562 (Alaska 1990)).

[3]   Because Deborah filed this action 16 years after the divorce decree was final, any relief must be pursuant to Civil Rule 60(b). *See, e.g.*, *Williams v. Williams*, 252 P.3d 998, 1005 (Alaska 2011) ("Other than a Civil Rule 77(k) motion for reconsideration, which must be made within ten days of the court's order, an Alaska Civil Rule 60(b) motion provides the only available means for seeking relief from a final judgment of property division." (citing *Lowe v. Lowe*, 817 P.2d 453, 456 (Alaska 1991))). In her superior court briefing, Deborah explicitly waived claims under subsections (b)(1), (2), (3), and (4) of the rule. She waived claims under subsection (b)(6) by failing to raise them.

Civil Rule 60(b)(5) allows relief from a judgment when it is "no longer equitable that the judgment should have prospective application."[4]  Judge Pallenberg decided correctly that there was no prospective application at issue on Deborah's motion to reopen the divorce case because "[a] QDRO transfers ownership in a pension at the time it is entered."  We have previously held that "[a] valid court order dividing a spouse's pension benefits has an immediate legal effect."[5]  "Using a QDRO simply transfers the ministerial act of payment . . . from [the former spouse] to the state."[6]  Because of the QDRO, Rudolph already owns fifty percent of the PERS account; ownership of the benefits that he is yet to receive in the future was transferred to him in the divorce.  The judgment at issue has no prospective application, and the allegations of wrongdoing on Rudolph's part do not change that fact.  Without prospective application, the judgment cannot be subject to relief under Civil Rule 60(b)(5).

## V.    CONCLUSION

We AFFIRM the superior court's judgment.

---

[4]    Alaska R. Civ. P. 60(b)(5); *see also Ferguson v. State, Dep't of Revenue, CSED, ex rel. P.G.*, 977 P.2d 95, 99 (Alaska 1999) (holding that "the prospective application requirement limits . . . the circumstances in which Rule 60(b)(5) may be applied" (internal quotation marks omitted)).

[5]    *Gallant v. Gallant*, 882 P.2d 1252, 1256 (Alaska 1994) (holding that the ex-wife's pension interest was not in the ex-husband's bankruptcy estate because she already owned the interest under a previous court order); *see also* AS 39.35.500(a)(1) (providing that a QDRO assigns "an employee's right to receive benefits").

[6]    *Rice v. Rice*, 757 P.2d 60, 62 (Alaska 1988).