STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellant,

v.

Larry P. McCORMICK, Appellee.

No. S–9149.

Supreme Court of Alaska.

June 23, 2000.

Diane L. Wendlandt, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

No appearance by Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

## I. *FACTS AND PROCEEDINGS*

Upon dissolution of the McCormicks' marriage in 1992, the superior court awarded primary physical custody of their two children to Colleen and ordered Larry to pay monthly child support of $291.88. The original child support order contemplated that the payments for each child would continue until the child reached the age of eighteen. In 1999 the Child Support Enforcement Division (CSED) moved to increase Larry's child support, alleging that his financial circumstances had changed. CSED's motion also included a request to extend the support order beyond the children's eighteenth birthdays, as authorized by the 1992 amendment of AS 25.24.170(a).[1]

The superior court granted CSED's motion to increase support but denied its request for post-majority support. In declining to extend the support order, the court noted that the original child support order did not provide for post-majority support. The court also relied on its decision in *State v. Veltri*,[2] a similar case in which it had declined to modify a support order to provide for post-majority support because there had been no change in circumstances. CSED appealed.

---

1. As amended, AS 25.24.170(a) provides:

   Subject to AS 25.20.110, any time after judgment the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, for the appointment of trustees for the care and custody of the minor children or for their nurture and education, for the care, nurture, and education of unmarried 18–year–old children of the marriage while they are actively pursuing a high school diploma or an equivalent level of technical or vocational training and living as dependents with a parent, guardian, or designee of the parent or guardian, or for the maintenance of either party to the action.

2. 3KO–91–190 DR (Alaska Super., April 15, 1998).

## II. DISCUSSION

While CSED's appeal was pending, this court issued *Scully v. Scully*,[3] in which we reversed the superior court's decision in *Veltri*, construing the amended version of AS 25.24.170(a) to authorize post-majority support in all but "the exceptional case":

> Because of a legislative policy decision on the appropriate age for children to enter kindergarten, a substantial number of children will turn eighteen while still attending high school and will need continued support. If we were to require parents to delay in filing requests for extension, it could leave thousands of children without support while motions proceed through the courts. The contingent nature of the order adequately protects an obligor parent, who will only be required to provide support if a child meets the statutory requirements of being unmarried, actively pursuing a high school diploma, and living as a dependent with a parent or guardian. And it should be the exceptional case in which a court declines to extend child support payments beyond the child's eighteenth birthday where these statutory requirements have been met. For these reasons, we hold that the trial court erred in its refusal to include a post-majority provision in its modification of the *Veltri* child support order.[4]

*Scully* is not entirely controlling here. The original child support orders at issue in *Scully* were entered before the legislature's 1992 amendment authorizing post-majority support.[5] Because we held that the 1992 amendment was a changed circumstance warranting modification, we found no need to decide whether a showing of changed circumstances would be required before a court could grant a motion for post-majority support when the original support order was issued after the 1992 amendment.[6] In contrast to the situation in *Scully*, McCormicks' original support order was entered in 1992, shortly after the legislature amended AS 25.24.170. Since the amendment antedated the support order, the statutory change cannot be considered a changed circumstance warranting modification. The present case thus requires us to resolve the issue we reserved in *Scully*: whether the court could add post-majority support without a showing of changed circumstances.

We hold that no showing of changed circumstances was necessary. When a support order by its own terms expires upon a child's eighteenth birthday, a later order providing for post-majority support does not modify any provision of the original order; it extends the order to a time period not covered by the original order. Thus, barring an affirmative provision in the original support order or in an incorporated agreement establishing that the issue of post-majority support was expressly considered and decided, a subsequent motion to extend the duration of support is not a motion to modify the original order and need not allege a change of circumstances.[7]

## III. CONCLUSION

Because no change in circumstances was necessary here, we conclude that the superior court erred in denying CSED's request for post-majority support. We therefore REVERSE and REMAND for entry of an order granting post-majority support.

---

**3.** 987 P.2d 743 (Alaska 1999).

**4.** *Id.* at 747 (footnote omitted).

**5.** *See id.* at 745.

**6.** *See id.* at 746 n. 12.

**7.** *See Van Brocklin v. Van Brocklin*, 635 P.2d 1186, 1189–90 (Alaska 1981) (post-divorce motion for alimony and property division required no showing of changed circumstances when original decree did not address the issues and the record did not establish waiver or estoppel); *see also Benson v. Benson*, 977 P.2d 88, 92 (Alaska 1999) (applying Rule 90.3 does not modify an existing arrearage if there is no support order in effect for the relevant period) and *Vachon v. Pugliese*, 931 P.2d 371, 382 (Alaska 1996) (same).