Patricia L. VAN BROCKLIN, Appellant,

v.

Robert VAN BROCKLIN, Appellee.

No. 5125.

Supreme Court of Alaska.

Nov. 13, 1981.

M. Sheila Gallagher, Anchorage, for appellant.

Paul J. Nangle, Nangle & Clark, Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and VAN HOOMISSEN, Superior Court Judge.*

## OPINION

BURKE, Justice.

This appeal challenges the superior court's refusal to modify the terms of a decree of divorce.

In December, 1976, Robert Van Brocklin filed an action for divorce against his then wife, Patricia Van Brocklin. The complaint, among other things, asked the superior court to adjudicate the parties' property rights, "if not amicably settled prior to trial." On January 13, 1977, Patricia Van Brocklin filed an "Appearance and Waiver," stating partly:

> [T]he undersigned defendant makes this appearance in this action and specifically declines to plead or otherwise answer to plaintiff's complaint, and consents that this matter may be heard upon the evidence submitted by plaintiff, and the judgment of the court given in accordance with the evidence produced by the plaintiff, and specifically waives notice of the time of the hearing in this matter and of the proceedings therein, and consents that judgment may be entered in accordance with the prayer contained in said complaint.

The case was heard on February 7, 1977, by the superior court's standing master. Patricia Van Brocklin did not appear.

At the hearing, Robert Van Brocklin testified that adjudication of the parties' property rights was no longer necessary, as the parties had "set up everything" between themselves. Accordingly, the decree that was entered made no mention of the parties' property rights, except to state: "[T]he property rights of the parties have been amicably settled and need no adjudication by this Court."

Seventeen months after its entry, in July, 1978, Patricia Van Brocklin moved for "modification" of the divorce decree, citing AS 09.55.210–.220.[1] The motion sought (1)

---

* Van Hoomissen, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. AS 09.55.210 provides:

   In a judgment in an action for divorce or action declaring a marriage void or at any time after judgment, the court may provide
   
   (1) Repealed by § 2, ch. 160, SLA 1968;
   (2) for the payment by either or both parties of an amount of money or goods, in gross or installments, as may be just and proper for the parties to contribute toward the nurture and education of their children, and the court may order the parties to arrange with their employers for an automatic payroll deduction each month or each pay period, if the period is other than monthly, of the amount of the installment; if the employer agrees, the installment shall be forwarded by the employer to the clerk of the superior court which entered the judgment or to the court trustee, and the amount of the installment is exempt from execution;
   (3) for the recovery by one party from the other of an amount of money for maintenance, in gross or in installments, as may be just and necessary without regard to which of the parties is in fault;
   (4) for the delivery to either party of his personal property in the possession or control of the other party at the time of giving the judgment;
   (5) Repealed by § 5, ch. 251, SLA 1976;
   (6) for the division between the parties of their property, whether joint or separate, acquired only during coverture, in the manner as may be just, and without regard to which of the parties is in fault; however, the court, in making the division, may invade the prop-

"an award of maintenance and alimony from the date of the decree forward," an item not previously mentioned; (2) delivery of Patricia Van Brocklin's personal property "in the possession or control of the plaintiff," Robert Van Brocklin; (3) a "just and equitable" division of the parties' property; and (4) Patricia Van Brocklin's costs and attorney's fees, incurred as a result of her request for "modification." In support of her motion, Patricia Van Brocklin filed an affidavit stating, among other things, that she had signed the "Appearance and Waiver" because Robert Van Brocklin had told her that his attorney[2] would "handle this thing for the both of us" and "protect [her] legal interests;" that no "amicable settlement" had been reached, but that, in fact, Robert Van Brocklin had coerced her, by threats of physical violence and blackmail,

into signing away her property rights. In response, Robert Van Brocklin's attorney filed a memorandum in opposition to the motion, but neither attached nor made reference to any affidavit or other sworn testimony controverting the allegations of duress contained in Patricia Van Brocklin's own affidavit. Instead, his memorandum merely argued that the motion should be dismissed as untimely and/or barred as a matter of law.[3]

On September 1, 1978, the motion was heard by the superior court's standing master; no additional sworn testimony was presented. The master concluded that the motion should be treated as one for relief from judgment, pursuant to Civil Rule 60(b),[4] rather than one for "modification" of judgment under AS 09.55.210 or AS 09.55.-220.[5] On the question of Patricia Van

---

erty of either spouse acquired before marriage when the balancing of the equities between the parties requires it; and to accomplish this end the judgment may require that one or both of the parties assign, deliver, or convey any of his or her real or personal property to the other party;

(7) to change the name of one of the parties.

AS 09.55.220 provides:

Any time after judgment, the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, or for the appointment of trustees for the care and custody of the minor children, or for their nurture and education, or for the maintenance of either party to the action.

2. Robert Van Brocklin's attorney prior to entry of the decree was Richard D. Pennington. Mr. Nangle, the attorney representing him in this appeal, made his first appearance at the time of the motion for modification.

3. The thrust of counsel's argument was that (1) where a divorce decree contains no provision for alimony, a later award is unauthorized, and (2) Patricia Van Brocklin should not be heard to complain, since she accepted the benefits of the decree, without complaint, for several months after its entry.

4. Alaska R.Civ.P. 60(b) provides:

(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis and audita querela are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

5. In his report, the master stated:

Though brought as a motion to modify, it is essentially a composite of a [Civil] Rule 60(b) motion for relief from judgment and a request for a new trial. It does not seek to

Brocklin's right to alimony, he found "that a decree which is silent as to alimony may not be modified to provide for an award of same." With regard to the parties' property rights, the master stated:

[I] find substantial indications that defendant has waived her right to seek adjudication of property issues in this manner. The facts were known to her at the time. She accepted certain benefits from the decree and she was not mentally or physically incapable of seeking redress for her grievances.[6]

For these reasons, he recommended "that defendant's motion for relief from judgment be denied."

Over Patricia Van Brocklin's strenuous objection, Superior Court Judge Victor D. Carlson adopted the master's report and entered an order denying her motion for modification. This appeal followed. We reverse and remand for further proceedings.

■ To the extent that it based its decision upon Patricia Van Brocklin's failure to meet the time requirements of Civil Rule 60(b), the court erred. Rule 60(b) was simply not applicable, since the moving party sought no "relief" from the judgment entered in the divorce action. What she sought was adjudication of issues that had been withdrawn from the consideration of the court prior to its decision to grant the divorce, leaving those issues undecided because the court believed them to have "been amicably settled." The master's report recognized this important difference, stating: "[Defendant's request for relief] does not seek to modify the existing decree; instead, it seeks a complete adjudication of property and spousal support issues."

This error, however, is not dispositive of this appeal, since the court denied the relief sought for additional reasons as well. First, the court concluded that where a divorce decree is silent as to the issue of alimony, a later award of alimony is not allowed. Second, the court concluded that Patricia Van Brocklin's own conduct "waived . . . her right to protest and should estop her from challenging the decree."

■ Where there is no award of alimony and no express reservation of jurisdiction to award the same, a trial court generally lacks authority to make such an award at a later date. Annot., 43 A.L.R.2d 1387, 1391 (1955). The general rule, however, is subject to a number of exceptions. Thus, "[w]here a statute, either by its terms, or as construed by the courts, authorizes allowance of alimony after the entry of a divorce decree, such alimony may be awarded thereafter, even though the decree itself is silent on that question." *Id.* (footnotes omitted).[7]

■ AS 09.55.210 provides, in part:

In a judgment in an action for divorce *. . . or at any time after judgment,* the court may provide . . .

(3) for the recovery by one party from the other of an amount of money for maintenance, in gross or in installments, as may be just and necessary without regard to which of the parties is in fault;

. . . .

---

modify the existing decree; instead it seeks a complete adjudication of property and spousal support issues.

6. The master rejected Robert Van Brocklin's suggestion that the parties had entered into a property settlement agreement which was later approved by the court and incorporated into the divorce decree, stating: "No property issues were settled in the subsequent divorce decree . . . [P]laintiff's allegations that there has been a property settlement agreement approved through the decree must fail."

7. [I]n the absence of such a statute and in the absence of fraud or mistake, it has been generally held that a domestic divorce decree

without adjudication or reservation as to alimony . . . precludes, under the doctrine of res judicata, or because of the termination of the marital relationship, or because of lack of statutory authority, a later alimony award, both in proceedings instituted in the divorce action for the purpose of inserting an alimony award in the decree and in an independent action brought for the purpose of recovering alimony. This rule applies no matter how drastic a change of circumstances occurred after the entry of the divorce decree.
Annot., 43 A.L.R.2d 1387, 1391 (1955) (footnotes omitted).

(Emphasis added.) This section, we believe, expressly authorizes a later award of alimony,[8] even though the original decree, as in the case at bar, is silent on the subject. *See* Annot., 43 A.L.R.2d 1387, 1418–21 (1955). Thus, the trial court erred in ruling to the contrary.

■ We next consider whether a divorce decree silent as to property issues is a bar to the maintenance of an independent action involving the parties' property rights. We hold that it is not. AS 09.55.210(b) is a specific grant of power, authorizing the superior court to adjudicate property rights during a divorce proceeding or after entry of a final judgment, if the decree is silent on the issue of property rights. This is consistent with the rule that prevails in all but a few states. Annot., 32 A.L.R.2d 1145, 1151 (1953).[9] Such actions, however, may be barred on other grounds, such as waiver and estoppel.

In the case at bar, the trial court's decision rested on its belief that there were "substantial indications that defendant has waived her right to seek adjudication of property issues." Thus, the court found her action barred by principles of estoppel rather than res judicata. It is this ruling that we must now review.

The critical question that was argued before the master was not whether Patricia Van Brocklin had made a prima facie showing of fraud or duress at the time of the divorce.[10] The issue focused upon was whether Robert Van Brocklin's opposition to the motion was sufficient to end the matter, despite the facts alleged in Patricia Van Brocklin's affidavit. As the master stated:

The issue before the court right now, essentially, is the—the question of whether to proceed further—whether the defendant will be allowed to proceed forward on his [sic] motion—on the motion to modify the decree, or whether the opposition framed in the nature of a motion to dismiss will warrant the court in not allowing any further modification of the decree.

The trial court concluded that Patricia Van Brocklin was not entitled to the relief sought because of her failure to seek that relief within a reasonable period of time after entry of the divorce decree.

■ Although stating grounds that might justify such relief, if raised in a timely manner, Van Brocklin's affidavit in support of her motion failed to offer any explanation for the delay in filing her motion, and we can find no such explanation elsewhere in the record on appeal. Thus, we are unable to say with any certainty that the superior court abused its discretion or that action by this court is required to prevent a miscarriage of justice. *See Houger v. Houger*, 449 P.2d 766 (Alaska 1969). Nevertheless, given the serious nature of Patricia Van Brocklin's allegations, which remain wholly uncontroverted, we believe that further inquiry is necessary.

The case, therefore, is remanded to the superior court with instructions that it provide Patricia Van Brocklin a reasonable opportunity to explain the reasons for the delay in filing her application. The court shall make all findings necessary to resolve contested issues of fact and shall state its

---

**8.** We construe "maintenance," as that term is used in AS 09.55.210, as synonymous with "alimony." *See Messina v. Messina*, 583 P.2d 804 (Alaska 1978).

**9.** Here, of course, there was more than mere silence; the trial court was specifically advised that the parties' property rights had been "amicably settled" and needed no adjudication.

As to issues withdrawn by the parties to a divorce action from the consideration of the divorce court, a divorce decree is not res judicata in an independent action involving a property settlement of the parties.

Annot., 32 A.L.R.2d 1145, 1150 (1953) (citations omitted).

**10.** Clearly, she made such a showing. *Cf. Gravel v. Alaskan Village, Inc.*, 423 P.2d 273, 276–77 (Alaska 1967). Her affidavit in support of her motion contained uncontroverted testimony that her former husband had assured her that there was no need to hire her own attorney, that her rights would be protected, and that he had threatened her with physical violence and blackmail unless she allowed the decree to be entered on his terms.

conclusion whether the period of delay should operate as a bar under the circumstances. If the court still concludes that Patricia Van Brocklin is estopped, and her action thus barred, we shall review that determination without the necessity of a new appeal. Pending resolution of this issue on remand, we will retain jurisdiction over the case. If the court concludes that the delay is not a bar, it shall proceed, after further hearing, to dispose of the action on its merits.

REMANDED with instructions.

COMPTON, J., not participating.