788 P.2d 1256

**Amparo C. BELTRAN, f.k.a. Amparo C. Razo, Petitioner/Appellant,**

v.

**John P. RAZO, Respondent/Appellee.**

**No. 2 CA–CV 89–0204.**

Court of Appeals of Arizona, Division 2, Department A.

March 13, 1990.

Ronald J. Kalish, Tucson, for petitioner/appellant.

Curtis & Cunningham by Marjorie Fisher Cunningham, Tucson, for respondent/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the trial court's order denying the petitioner her share of respondent's military retirement pension. The parties were married on October 11, 1959 and divorced on September 4, 1981. The respondent was on active duty with the United States Army and the United States Air Force from June 6, 1957 to April 30, 1980. After his retirement in 1980, the respondent began receiving his military pension and there is no dispute that the parties were domiciled in a community property state at all times during the respondent's service with the military. The decree of divorce made no mention of respondent's retirement benefits which he has received in their entirety.

On January 12, 1989, petitioner filed an order to show cause requesting the division of previously undivided community property—her interest in her former husband's military retirement pay. A hearing was held at which both parties testified. Petitioner gave no explanation for waiting so long before seeking a division of the pension. The evidence shows that both parties had remarried. The respondent had remarried on December 26, 1981, and had adopted the minor child of his new wife.

In her final argument to the court, petitioner requested that if the court felt there was an unreasonable delay in bringing the petition, at least she should get her share of future retirement benefits. The trial court refused to award her any of the retirement pay, finding that the strong public policy of the state disfavors reopening decrees and further finding that the doctrine of laches applied.

On appeal the petitioner has abandoned her request for the division of retirement pay received prior to the date of the filing of her petition but contends that the trial court erred in not dividing the retirement benefits received and payable after such date. We agree.

In *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), decided June 26, 1981, the Court held that there were no community property rights in military retirement benefits. Congress responded to this decision by enacting the Uniform Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408, effective February 1, 1983, which made military retirement benefits subject to state community property laws. The act wipes out the effects of *McCarty* on persons divorced in the interim period.

Arizona addressed the retroactivity of USFSPA in *Edsall v. Superior Court*, 143 Ariz. 240, 693 P.2d 895 (1984), holding that the trial court can modify a decree of dissolution based on a negotiated settlement agreement finalized after *McCarty* but before the effective date of USFSPA.

Both the trial court and respondent rely on *Kelly v. Kelly,* 160 Ariz. 487, 774 P.2d 226 (App.1989) for the public policy and laches theories. This reliance is misplaced because *Kelly* involved a property settlement agreement and decree finalized *prior* to *McCarty.* The present case presents a fact situation that not only differs from *Kelly* but also differs from *Edsall* in that here neither the stipulation of the parties as to the division of the property nor the decree of dissolution make any mention of the military retirement pension.

■ To constitute laches there must be a lack of diligence on the part of the plaintiff and resulting injury to the defendant. *Meyer v. Warner,* 104 Ariz. 44, 448 P.2d 394 (1968). Equity does not encourage laches, and the doctrine may not be invoked to defeat justice but only to prevent injustice. *Higgins v. McElwee,* 680 S.W.2d 335 (Mo.App.1984).

■ Since USFSPA undid *McCarty,* the retirement benefits here were community property for which no disposition was made in the decree and, therefore, were held by the parties as tenants in common pursuant to A.R.S. § 25–318(B), thus giving the petitioner the right to bring an action to divide the property at any time. Cf. *Carpenter v. Carpenter,* 150 Ariz. 62, 722 P.2d 230 (1986). However, the equitable defense of laches is available to prevent unfairness to a spouse who may have spent the money in reliance on the judgment. In such instances, the court may deny complete retroactivity and then proceed to divide the funds from the date of the petition to divide. See *Casas v. Thompson,* 42 Cal.3d 131, 228 Cal.Rptr. 33, 720 P.2d 921 (1986); *Henn v. Henn,* 26 Cal.3d 323, 161 Cal.Rptr. 502, 605 P.2d 10 (1980); *In re Marriage of Chambers,* 174 Cal.App.3d 1079, 220 Cal.Rptr. 504 (1985); *Berry v. Meadows,* 103 N.M. 761, 713 P.2d 1017 (App.1986).

The record does not support the trial court's refusal to grant the petitioner her vested property rights in the pension payable from January 12, 1989 on.

The order is vacated and the case is remanded for further proceedings consistent with this opinion.

ROLL, P.J., and HATHAWAY, J., concur.