**Charles Simon MORGAN, Appellant,**

v.

**Elizabeth Darlene MORGAN (now Swanson), Appellee.**

No. S–11728.

Supreme Court of Alaska.

Sept. 22, 2006.

William T. Ford, Anchorage, for Appellant.

Elizabeth D. Morgan (Swanson), pro se, Anchorage.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

When the parties divorced in 1974, no account was taken in the decree dividing the parties' property of Charles Morgan's unvested pension. In 2000 Elizabeth Morgan learned of the pension, and in 2003 she moved to modify the property division decree. The superior court granted her motion. We reverse because the motion was untimely given the three-year delay between when she learned of the pension and when she moved to modify the decree.

## II. FACTS AND PROCEEDINGS

Charles and Elizabeth Morgan married on October 10, 1963, and divorced on August 8, 1974. During the marriage, the parties acquired a home, a lot in Bear Valley, a one-hundred-year lease—at $250 per year—on a cabin site near the Kenai River, a truck, and a station wagon. In 1968 Charles joined the International Brotherhood of Electrical Workers and began working for the Anchorage Telephone Utility. He retired in 1994. That job came with a pension that paid Charles $2,400 per month as of October 2004. Charles testified that his pension vested some time after the divorce.

In the divorce proceeding, one attorney represented both Charles and Elizabeth. The resulting decree awarded the marital home, the Kenai River property, and the truck to Charles. The station wagon and the Bear Valley lot went to Elizabeth. The decree did not mention Charles's pension. This is not surprising since how nonvested pensions should be treated upon divorce was not settled until 1987, when this court decided *Laing v. Laing.*[1] In *Laing* we held that nonvested pension rights should be considered marital property and divided using a

---

1. 741 P.2d 649, 655–58 (Alaska 1987).

reserved jurisdiction approach under which the trial court "orders the employee spouse to pay to the former spouse a fraction of each pension payment actually received."[2]

In June 2003 Elizabeth filed a Civil Rule 60(b) motion to modify the dissolution decree. Her motion sought, in relevant part,[3] to recover one-hundred percent of the portion of Charles's pension earned during the marriage. She claimed that the pension was a marital asset unknown to her at the time of the divorce. As a result, she argued, the dissolution decree did not account for all of the marital assets and warranted modification under Rule 60(b). The superior court found that Elizabeth did not learn of the pension until "approximately 2000."

The superior court granted Elizabeth's motion, finding Civil Rule 60(b)(6) to be applicable.[4] The court left the ultimate determination of the marital amount up to a pension administrator upon the filing of a qualified domestic relations order. Elizabeth was to receive one-hundred percent of the marital portion of the pension because Charles "has been receiving the entire pension for a substantial time, ... received all the equity in the [marital] home, which substantially appreciated during his subsequent ownership .... [and] raised no objection that the requested allocation would be unfairly burdensome to him." The monthly payment to which Elizabeth was entitled as a result of the qualified domestic relations order turned out to be $247.38.

## III. DISCUSSION

In this appeal Charles argues, *inter alia,* that the superior court should not have granted Elizabeth's motion under Rule 60(b)(6) to divide his pension because she did not file it within a reasonable time. We agree and therefore do not reach Charles's other claims of error.

■ A party must move for relief under Rule 60(b)(6) within a "reasonable time."[5] "What constitutes reasonable time necessarily depends on the facts in each case."[6] We review orders denying Rule 60(b)(6) relief under the abuse of discretion standard.[7]

■ Here, nothing indicates that Elizabeth moved for relief under Rule 60(b) within a reasonable time. The superior court found that Elizabeth learned of the pension's existence in 2000. She moved for relief in 2003. Elizabeth's stated reason for the three-year delay is a fear of "Charles[ ] and his anger problem." While we appreciate Elizabeth's fear in light of the superior court's findings of repeated abuse suffered by her at the

**2.** *Id.* at 657.

**3.** Elizabeth's Rule 60(b) motion also argued that modification was warranted with regard to the property actually adjudicated, claiming that habitual abuse suffered at the hands of Charles caused her to be emotionally unable to participate in the hearing. The superior court denied this request as untimely. Elizabeth does not challenge this ruling.

**4.** Civil Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the date of notice of the judgment or orders as defined in Civil Rule 58.1(c).

**5.** Alaska R. Civ. P. 60(b).

**6.** *Harris v. Westfall,* 90 P.3d 167, 173 (Alaska 2004) (footnote omitted).

**7.** *Id.* at 172. An abuse of discretion is typically found only when the court is "left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling." *Peter Pan Seafoods, Inc. v. Stepanoff,* 650 P.2d 375, 378–79 (Alaska 1982).

hands of Charles during the marriage,[8] she offers no explanation why that fear prevented her from moving for relief when she discovered the pension in 2000, twenty-six years after the divorce, rather than 2003, and none appears in the record. There is "no evidence of circumstances beyond [Elizabeth's] control which prevented [her] from asking for relief" sooner.[9]

Further, the nature of Elizabeth's motion for relief weighs heavily against holding that her three-year delay was reasonable. While her motion was considered to be a Rule 60(b)(6) motion, which carries only a reasonable time requirement, her motion, in substance, sought relief because of newly discovered evidence in the form of Charles's pension. Clause (2) of Rule 60(b) provides that relief from a judgment may be obtained for newly discovered evidence but carries a strict one-year-limitations period that is applicable from the date of the judgment.[10] Clause (2) arguably does not strictly apply because of the uncertainty as to whether an unvested pension was marital property in 1974 when the judgment was entered. After our *Laing* decision in 1987, there was no longer any uncertainty, and thus, when Elizabeth learned of the pension in 2000, its relevance as evidence that an item of marital property had not been divided was not in doubt. In our view it would be inconsistent with the one-year limit for newly discovered evidence to allow Elizabeth more than one year after learning of the pension to seek modification of the judgment—at least barring persuasive reasons for greater delay.[11]

Taken together, the absence of a viable explanation for Elizabeth's delay in moving for relief under Rule 60(b) and the fact that her request was based on newly discovered evidence that, when explicitly relied on under Rule 60(b)(2), carries a one-year-limitations period, lead us to conclude that the superior court abused its discretion by ruling that Elizabeth's motion was timely.

## IV. CONCLUSION

The modification order is therefore REVERSED and this case is REMANDED.

---

**8.** The superior court found the marriage to be marked by severe violence.

**9.** *Dewey v. Dewey*, 886 P.2d 623, 629 (Alaska 1994) (affirming finding that motion under Rule 60(b)(6) was not brought within a reasonable time where movant could not show that circumstances beyond his control caused a seven-year delay).

**10.** Further, it is generally held that clause (6) does not apply to circumstances covered by the specific clauses of Rule 60(b) that precede it. *Vill. of Chefornak v. Hooper Bay Constr. Co.*, 758 P.2d 1266 (Alaska 1988) ("[c]lause (6) and the first five clauses of Rule 60(b) are mutually exclusive. Relief under clause (6) is not available unless the other clauses are inapplicable.") (quoting *Farrell v. Dome Labs.*, 650 P.2d 380, 385 (Alaska 1982)).

**11.** We thus conclude that the one-year limit applicable to motions based on newly discovered evidence should inform decisions as to whether a delay in making a similarly based motion under Rule 60(b)(6) is reasonable.