*Notice:* This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| GAYLORD E. SCHAUB, | ) | |
| | ) | Supreme Court No. S-14502 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-92-05262 CI |
| v. | ) | |
| | ) | O P I N I O N |
| THERESA M. SCHAUB, | ) | |
| | ) | No. 6803 - August 2, 2013 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Sen K. Tan, Judge.

Appearances: Robert C. Erwin, Robert C. Erwin LLC, Anchorage, for Appellant. Richard W. Postma, Jr., Law Offices of Dan Allan & Associates, Anchorage, for Appellee.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices, and Eastaugh, Senior Justice.[*]

CARPENETI, Chief Justice.

## I.     INTRODUCTION

A couple divorced in 1992. The divorce decree did not divide the parties' property. The man receives military retirement benefits from over 22 years of service in the United States military. In October 2010 the woman filed a motion seeking a post-

---

[*]     Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

decree equitable division of property. The man opposed, arguing that the woman's claim was barred by (1) the statute of limitations; (2) laches; and (3) estoppel. The superior court concluded that the woman could properly bring her motion, that her motion was not barred by the statute of limitations, and that laches barred only the retrospective division of the man's retirement benefits. The man appeals. Because the woman's claim was not barred by the statute of limitations, and because the superior court did not abuse its discretion in concluding that the woman was entitled to a prospective division of retirement benefits, we affirm the decision of the superior court in these respects. But because the court erred in setting the effective date of the property division, we remand with instructions to correct the effective date.

## II.    FACTS AND PROCEEDINGS

### A.    Facts

Gaylord "Hank" Schaub and Theresa Schaub married in May 1958 in Michigan. The parties subsequently moved to Alaska, where they separated in 1986. Theresa moved to Florida in 1991. In June 1992, after living apart for approximately six years, Hank filed a petition to dissolve the marriage. In his petition, Hank stated that he did not know where Theresa was and had made "diligent efforts" to locate her. He also reported that he had "been unable to find out [Theresa's] position in regard to the dissolution of [the] marriage and the fair and just division of property (including retirement benefits) . . . ."

In November 1992 the superior court entered a decree of dissolution of marriage. The superior court's decree stated:

> FINDINGS OF FACT AND CONCLUSIONS OF LAW:
>
> . . . .
>
> 3.    Petitioner has been unable to ascertain the other spouse's position in regard to the dissolution of their

marriage and in regard to the fair and just division of property, including retirement benefits . . . because the whereabouts of the other spouse is unknown to the petitioner after reasonable efforts have been made to locate the absent spouse.

. . . .

THEREFORE, IT IS ORDERED:

. . . .

3. This decree does not bar future action on the issues not resolved in this decree.

Hank was in the United States military for over 22 years and has received $1,471.00 per month from a military pension since sometime in either 2002 or 2003. Theresa worked for the Anchorage School District for about six years, from which she also receives a pension.

## B. Proceedings

On June 14, 2010, Theresa filed a motion under Alaska Civil Rule 60(b), in which she sought to have the court "set aside the dissolution decree for fraud upon the court." Theresa claimed that, as a result of Hank's alleged fraud upon the court, she was denied her right to participate in the division of the marital estate, including a division of Hank's "significant military retirement benefits." On September 16, 2010, the superior court denied Theresa's Rule 60(b) motion as untimely, but the court noted that its decision was "limited to setting aside the judgment" and did "not address or decide any other grounds for relief that the parties [might] have."

On October 4, 2010, Theresa filed a motion seeking a post-decree equitable division of property under AS 25.24.160(a)(4).[1] Hank opposed this motion, contending

---

[1] AS 25.24.160(a)(4) provides that "[i]n a judgment in an action for divorce
(continued...)

that Theresa's claim was barred by (1) the statute of limitations; (2) laches; and (3) estoppel. Hank then moved for summary judgment.

Superior Court Judge Sen K. Tan denied Hank's motion for summary judgment on June 28, 2011. Citing *Van Brocklin v. Van Brocklin*,[2] the court first determined that AS 25.24.160(a)(4) permitted Theresa's motion to divide the parties' property. The court then concluded that the statute of limitations did not bar Theresa's action because she had not filed a new action, but rather had sought adjudication of issues unresolved in the original dissolution proceedings. Next the court found that, although laches did not bar Theresa's action in its entirety, laches might bar "some . . . of her past and future interest." Finally, the court concluded that estoppel did not apply because Theresa had not made a misrepresentation. The court then scheduled an evidentiary hearing to determine (1) Theresa's interest in Hank's military retirement; (2) whether laches barred Theresa's claim at all; and (3) an equitable distribution of any interest that Theresa had.

On August 11, 2011, Judge Tan held the scheduled evidentiary hearing. The court entered its order for post-decree division of property on August 23, 2011. The court first concluded that Theresa's claim for Hank's retirement benefits prior to June 15, 2010, the date on which Theresa filed the Rule 60(b) motion, was barred by laches. But the court then determined that Theresa had a 50% interest in the marital portion of Hank's retirement benefits from June 15, 2010 on, which was not barred by laches. The

---

[1]     (...continued)
or action declaring a marriage void or at any time after judgment, the court may provide . . . for the division between the parties of their property, including retirement benefits . . . ."

[2]     635 P.2d 1186, 1190-91 (Alaska 1981).

superior court also divided Theresa's pension in the same manner.  Hank moved for reconsideration, which the superior court denied.

Hank appeals.

## III.  STANDARD OF REVIEW

"We review a trial court's determination regarding the applicable statute of limitations de novo."[3]  "We review a trial court's decision to permit or deny a defense based on the doctrine of laches for abuse of discretion and will not overturn the decision unless we have a definite and firm conviction that a mistake has been committed."[4]

## IV.  DISCUSSION

In bringing her claim for post-judgment division of property, Theresa relied on AS 25.24.160(a)(4), which allows a court to divide property between the parties "[i]n a judgment in an action for divorce or action declaring a marriage void *or at any time after judgment*."[5]  She sought, and the superior court ordered, a division of the parties' marital assets, including the parties' retirement benefits.

In *Van Brocklin*, we considered the scope of a precursor statute with language identical to the provision of AS 25.24.160(a) at issue here.[6]  In that case, the divorce decree did not adjudicate the property rights of the parties, because the superior

---

[3]     *Whittle v. Weber*, 243 P.3d 208, 211 (Alaska 2010) (quoting *Smallwood v. Cent. Peninsula Gen. Hosp.*, 151 P.3d 319, 322-23 (Alaska 2006)) (internal quotation marks omitted).

[4]     *Id.* at 211-12 (quoting *Young v. Williams*, 583 P.2d 201, 204-05 (Alaska 1978)) (internal quotation marks omitted).

[5]     AS 25.24.160(a)(4) (emphasis added).

[6]     *Van Brocklin,* 635 P.2d at 1190 (considering the scope of former AS 09.55.210).

court believed they had been "amicably settled" by the parties.[7] But 17 months after the divorce decree the former wife moved for modification, seeking division of the parties' property, because no settlement had been reached.[8] The superior court treated the wife's modification requests as a Rule 60(b) motion and denied it, explaining that her unreasonable delay "waived her right to seek adjudication of property issues."[9] We disagreed and explained that considering the wife's request as a Rule 60(b) motion was error because she had a statutory right to seek a complete adjudication of property rights. This right was found in the precursor statute to AS 25.24.160(a)(4). We found the statute to be a "specific grant of power, authorizing the superior court to adjudicate property rights during a divorce proceeding or after entry of final judgment."[10] We held that where a divorce decree does not settle the parties' property rights, a court may later divide the marital property on the motion of one of the former spouses.[11] We then remanded for additional findings on whether the former wife's delay resulted in waiver or estoppel of her right to bring a post-decree motion for division of property.[12]

In the present case, the November 1992 decree of dissolution of marriage did not resolve Hank and Theresa's property rights, and the decree further provided that

---

[7] *Id.* at 1187.

[8] *Id.* at 1187-88.

[9] *Id.* at 1189-90.

[10] *Id.* at 1190 (interpreting former AS 09.55.210).

[11] *Id.* at 1190 (noting that "such actions may be barred on other grounds, such as waiver or estoppel"); *see also McGee v. McGee*, 974 P.2d 983, 990 (Alaska 1999) ("where a divorce decree does not settle the parties' property rights because all property issues were withdrawn from the court's consideration, a court may later divide the marital property on the motion of one of the former spouses").

[12] *Van Brocklin*, 635 P.2d at 1190.

it did "not bar future action on the issues not resolved in this decree." Accordingly, under AS 25.24.160(a), Theresa could properly file a motion in the superior court seeking a division of the parties' property. But neither AS 25.24.160(a) nor *Van Brocklin* resolves the question whether there is a limitation on the time during which a subsequent motion to divide property must be filed. Although in *Van Brocklin* we did not address this temporal limitation, we did note that "such actions . . . may be barred on other grounds, such as waiver and estoppel."[13] Before the superior court and now on appeal, Hank contends that Theresa's claim was barred on two such other grounds: (1) the statute of limitations; and (2) laches.

## A. The Superior Court Correctly Concluded That Theresa's Claim Was Not Barred By The Statute Of Limitations.

The superior court concluded that, because Theresa's motion for post-judgment division of property did not constitute a new action, the statute of limitations did not apply. The superior court relied on *State, Department of Revenue, Child Support Enforcement Division ex rel. Inman v. Dean*,[14] to conclude that the statute of limitations applies "only . . . when litigants bring actions, which means filing complaints to commence proceedings." Because Theresa sought "only to adjudicate issues not addressed in the dissolution proceedings," the superior court concluded that the statute of limitations did not bar her claim.

Hank argues that Theresa's motion for post-judgment division of property was barred by the statute of limitations. Hank's argument is based on our language in *Van Brocklin*, where we characterized the issue before us as "whether a divorce decree silent as to property issues is a bar to the maintenance of an *independent action* involving

---

[13] *Id.*

[14] 902 P.2d 1321, 1323 (Alaska 1995).

the parties' property rights."[15] Hank concludes that Theresa's action is appropriately characterized as "an independent cause of action," and as such is subject to a statute of limitations as specified in either AS 09.10.070[16] or AS 09.10.100.[17] Because Theresa did not bring her motion within ten years, Hank contends that her claim is barred under either statutory section.

Theresa responds that her motion was not barred by the statute of limitations because (1) she did not commence a new action against Hank; (2) AS 25.24.160(a) specifically removes her motion from the statute of limitations; and (3) her post-judgment motion was authorized under our retained-jurisdiction procedures. First, Theresa references AS 09.10.010, the prefatory statute for Alaska's statute of limitations, which provides that "[a] person may not *commence* a civil action except within the periods prescribed in this chapter after the cause of action has accrued, *except when, in special cases, a different limitation is prescribed by statute*."[18] Theresa then contends that we have held that the term "commence" does not apply to motions filed within a previously commenced action, and therefore the statute of limitations does not bar her action. Second, Theresa argues that AS 25.24.160(a), which allows post-decree divisions of property "any time after judgment," removes Theresa's motion from the scope of Alaska's statute of limitations. Theresa also disputes Hank's characterization

---

[15] *Van Brocklin*, 635 P.2d at 1190 (emphasis added).

[16] AS 09.10.070(a) provides in relevant part that "[e]xcept as otherwise provided by law, a person may not bring an action . . . (2) for . . . injury to the rights of another not arising on contract and not specifically provided otherwise . . . unless the action is commenced within two years of the accrual of the cause of action."

[17] AS 09.10.100 provides that "[a]n action for a cause not otherwise provided for may be commenced within 10 years after the cause of action has accrued."

[18] AS 09.10.010 (emphasis added).

of *Van Brocklin* as authorizing only an independent action. Third, Theresa argues that, before the use of qualified domestic relations orders (QDROs) was commonplace, our stated preference for dividing pensions in divorce actions was for a court to retain jurisdiction in order to make the actual division at a later time. Theresa quotes at length from our opinion in *Thomas v. Thomas*:[19]

> In *Laing* we stated our preference for reserving jurisdiction as an alternative to valuing non-vested pensions at the time of trial. Under this approach, a non-vested pension is not considered when the trial court makes its initial property division at the time of the divorce. Rather, the court reserves jurisdiction and if the pension vests, the non-employee spouse may seek an order dividing the pension, which will be done in the same manner as it would have been if the pension was vested at the time of the divorce.[20]

Because the superior court's November 1992 divorce decree stated that it did "not bar future action on the issues not resolved in this decree," Theresa argues that the court in June 2011 correctly concluded that it retained jurisdiction over both Hank and Theresa's retirement benefits.

We agree with Theresa that the statute of limitations does not bar her motion. We have previously held that statutes of limitations "appl[y] when litigants 'bring an action' and thus govern[] only proceedings commenced by the filing of a complaint."[21] In the present case, Theresa did not bring an action, but rather filed a motion to further adjudicate an already existing action — thus, her motion was not subject to the statute of limitations. This conclusion is also consistent with

---

[19]   815 P.2d 374, 375-76 (Alaska 1991).

[20]   *Id*. (citing *Laing v. Laing*, 741 P.2d 649, 658 (Alaska 1987)).

[21]   *State, Dep't of Revenue, Child Support Enforcement Div. ex rel. Inman v. Dean*, 902 P.2d 1321, 1323 (Alaska 1995).

AS 25.24.160(a)(4), which specifically allows post-decree divisions of property "any time after judgment," as well as with our historical preference that a superior court retain jurisdiction pending the vesting of retirement benefits.[22]

Further, Hank's argument that Theresa's motion is an independent cause of action, and thus the statute of limitations should apply, is unconvincing. In support of this argument, Hank solely relies on our language in *Van Brocklin*, where we characterized the relevant legal question before us as "whether a divorce decree silent as to property issues is a bar to the maintenance of an *independent action* involving the parties' property rights."[23] But our characterization in *Van Brocklin* of a post-judgment motion for division of property as an "independent action" was not necessary for our resolution of the legal question at issue, and nowhere in *Van Brocklin* did we discuss how our holding related to the statute of limitations, or if it related at all.[24] Moreover, the moving party in *Van Brocklin* had not brought an "independent action" at all, but rather a motion seeking a division of property.[25] Further, as Theresa points out, our use of the term "independent action" in *Van Brocklin* is in tension with our later statement in *McGee v. McGee*,[26] where we correctly noted that we "held in *Van Brocklin* . . . that where a divorce decree does not settle the parties' property rights . . . a court may later

---

[22]    *See Thomas*, 815 P.2d at 375-76.

[23]    *Van Brocklin v. Van Brocklin*, 635 P.2d 1186, 1190 (Alaska 1981) (emphasis added).

[24]    *See id.*

[25]    *Id.* at 1187-88.

[26]    974 P.2d 983 (Alaska 1999).

divide the marital property *on the motion* of one of the former spouses."[27] We therefore affirm the superior court's conclusion that Theresa's action was not barred by the statute of limitations.

**B. The Superior Court Did Not Abuse Its Discretion When It Concluded That Laches Did Not Bar Theresa's Entire Claim, But It Was Error To Divide The Pensions Before The Date Of The Hearing.**

The superior court concluded that laches barred Theresa's motion for post-judgment division of property only in part. In so concluding, the court determined that there were three relevant time periods to consider: (1) the period from the date when Hank began receiving retirement benefits through the date on which Theresa filed her Rule 60(b) motion (June 15, 2010); (2) the period from June 15, 2010, through the date on which Theresa filed her motion for a post-judgment division of property (October 4, 2010); and (3) the period from October 4, 2010, forward. Regarding the first time period, the court found that Theresa's claim was barred by laches because her delay in bringing the motion was unreasonable on two grounds: (1) because she was aware of the divorce and knew that she had a claim for a portion of Hank's retirement, and (2) any award prior to June 15, 2010, would result in prejudice to Hank, as he had "already spent that income." Regarding the second time period, the court found that Theresa's claim was not barred by laches because Theresa's Rule 60(b) motion sufficiently put Hank on notice that she sought a division of property. Finally, regarding the third time period, the court found that Theresa's claim was not barred by laches because Hank would not be prejudiced by having to prospectively pay Theresa her portion of his retirement income.

**1. Laches does not bar the entire claim.**

Hank argues that the superior court abused its discretion when it concluded that Theresa's claim was not barred entirely by laches. Hank contends that laches "is not

_____

[27] *Id.* at 990 (emphasis added).

a partial defense" and "goes to assertion of the entire claim." He also points out that Theresa's "claim was for one half of all the marital property, not portions of it." In particular, Hank contends that Theresa was aware of her right to a portion of Hank's retirement income in 1986, at the time of their separation, yet failed to act until 2010. Hank also asserts that he has a heart condition and has planned his retirement based on his expectation of receiving the full amount of his retirement benefits. In the alternative, Hank contends that the superior court abused its discretion when it determined that laches barred Theresa's action only up until June 15, 2010, the date on which Theresa filed her Rule 60(b) motion to set aside the dissolution decree. Hank characterizes the court's choice of June 15, 2010, as "completely arbitrary" because, he asserts, the Rule 60(b) motion was relevant only to the validity of the dissolution, not to division of property, and was ultimately denied.

Theresa disputes Hank's contention that laches is not a partial defense. Specifically, she contends that each retirement payment that Hank has received should be examined separately to determine whether Theresa's delay triggers laches. In support of this argument, Theresa cites our opinion in *Bibo v. Jeffrey's Restaurant*,[28] where we concluded that laches barred only part of a plaintiff's claim, and that each payment wrongfully received by the defendants should be analyzed separately to determine whether laches applied.[29] Further, Theresa points out that other jurisdictions, including Arizona and California,[30] have adopted a similar rule in the context of post-judgment division of military retirement benefits. These jurisdictions, Theresa contends, have

---

[28] 770 P.2d 290 (Alaska 1989).

[29] *Id.* at 294.

[30] *Flynn v. Rogers*, 834 P.2d 148 (Ariz. 1992); *Hill v. Hattrem*, 117 Cal. App. 3d 569 (Cal. App. 1981).

allowed for the prospective division of benefits from the time the former spouse sought a division.[31]

Laches is an equitable defense arising from one party's unreasonable delay in seeking relief that prejudices another party.[32] "The essence of laches is not merely the lapse of time, but also a lack of diligence in seeking a remedy, or acquiescence in the alleged wrong and prejudice to the defendant."[33] Having raised the affirmative defense of laches, Hank bore the burden of demonstrating both unreasonable delay and undue prejudice.[34]

First, we agree with Theresa that our opinion in *Bibo* resolves the question of whether laches must bar Theresa's claim in its entirety. In that case, Bibo, a minority shareholder in a corporation, brought suit against the majority shareholders, claiming that they "caused the corporation to engage in various transactions which benefitted [the

---

[31]    Theresa also argues that her delay in seeking relief was neither unreasonable nor prejudicial to Hank, and she contends that it was error for the superior court not to choose a date earlier than June 15, 2010, as the date after which Theresa's claim was not barred by laches. Because Theresa did not file a cross-appeal in the present case, however, we decline to address this argument. *See Peterson v. Ek*, 93 P.3d 458, 467 (Alaska 2004) (holding failure to file a cross-appeal waives the right to contest rulings below).

[32]    *Bibo*, 770 P.2d at 293 (citing *Wolff v. Arctic Bowl, Inc.*, 560 P.2d 758, 767 (Alaska 1977)) (internal quotation marks omitted).

[33]    *Wolff*, 560 P.2d at 767 (citing *S. Pac. Co. v. Bogert*, 250 U.S. 483, 488-89 (1919)) (internal quotation marks omitted).

[34]    *See Laverty v. Alaska R.R. Corp.*, 13 P.3d 725, 731 (Alaska 2000) (citing *Winn v. Mannhalter*, 708 P.2d 444, 450 (Alaska 1985)). In his reply brief, Hank argues that "[t]he trial court placed no burden on Theresa to establish lack of prejudice . . . ." But this statement misconstrues the relevant burdens. As the party asserting the affirmative defense of laches, Hank bore the burden of demonstrating both elements of the defense.

majority shareholders] to the prejudice of the corporation and Bibo."[35]  Among various forms of relief, Bibo requested a proportionate share of the benefits that the majority shareholders had bestowed upon themselves in the form of dividend payments.[36]  The majority shareholders sought dismissal based on laches, and we concluded that

> a complete bar on the basis of laches is inappropriate.  Each excessive payment is a separate wrongful act.  As to each payment, it is correct to ask what is the last day on which a suit to seek damages for the excess could reasonably have been brought.  The answer to this question is properly left to the sound discretion of the trial court. However, not all of the payments will be excluded for some of them were apparently made nearly contemporaneously with the filing of the suit.[37]

Thus, at least as a matter of law, Hank is incorrect that laches must go "to assertion of the entire claim."

### 2.    It was error to divide retirement benefits that no longer existed because they had been expended for normal living expenses.

Hank contends that the superior court's decision to divide his retirement benefits beginning June 15, 2010, the day that Theresa filed her Rule 60(b) motion, was "completely arbitrary and ignore[d] the claim [being] made."  In its order, the superior court noted that, although Theresa's Rule 60(b) motion was "not the proper motion to file regarding the retirement benefits, [it] adequately put [Hank] on notice of her claim." Therefore, the claim was no longer barred by laches.  Hank contends that, because Theresa's Rule 60(b) motion sought to set aside the divorce decree, not to distribute property, it could not serve as the date on which prospective division would begin.

---

[35]    *Bibo*, 770 P.2d at 291.

[36]    *Id.* at 292.

[37]    *Id.* at 294.

Based on Theresa's motion and the superior court's express recognition in the initial divorce decree that it did not bar future action on issues not resolved in the decree, the superior court could conclude that after June 15, 2010, Hank knew or should have known that the marital estate might have to be divided.

However, Hank's argument is in part that he had already spent the retirement benefits. We have recognized that assets that no longer exist at the time of trial are normally not available for distribution. In *Cox v. Cox*[38] we held that "[i]f assets no longer exist or are not owned by the parties, they are not available for distribution."[39] Similarly, in *Partridge v. Partridge*[40] we explained that "[m]arital assets that are spent after separation for . . . normal living expenses are not typically taken into account in the final property division."[41]

Here, the superior court acknowledged that Hank may have spent the retirement benefits he received between June 15, 2010, and October 4, 2010, but nonetheless held that Theresa was entitled to half of the marital portion of the retirement benefits. This was error. Retirement benefits expended for normal living expenses during the period of June 15, 2010, until the trial (or hearing) are no longer available for division. Division of each party's retirement benefits must begin on the date of the hearing concerning the division of the property: August 11, 2011.

---

[38]    882 P.2d 909 (Alaska 1994).

[39]    *Id.* at 918 n.5.

[40]    239 P.3d 680, 692 (Alaska 2010).

[41]    *Partridge*, 239 P.3d at 692 (citing *Jones v. Jones*, 942 1133, 1139 (Alaska 1997)).

### 3.    Laches does not bar a prospective award.

The superior court did not abuse its discretion when it concluded that Theresa was entitled to a prospective award of Hank's retirement benefits. While we have not previously addressed this precise issue, at least three other jurisdictions have concluded that a former spouse would be entitled to a prospective award of military retirement benefits, despite a delay in seeking relief.[42] *Beltran v. Razo*[43] and *Hill v. Hattrem*[44] are persuasive authority on this point. In *Beltran*, a former wife brought a motion to divide the former husband's military retirement benefits over seven years after entry of the original divorce decree.[45] After the trial court denied the wife any prospective award of retirement benefits, the Court of Appeals of Arizona reversed, holding that "the court may deny complete retroactivity and then proceed to divide the funds from the date of the petition to divide."[46] In *Hill*, a former wife brought a motion to divide the former husband's military retirement benefits approximately ten years after entry of the divorce decree.[47] The California Court of Appeal held that the "wife may

---

[42]    *See Beltran v. Razo*, 788 P.2d 1256, 1258 (Ariz. App. 1990); *Hill v. Hattrem*, 172 Cal. Rptr. 806, 807 (Cal. App. 1981); *Berry v. Meadows*, 713 P.2d 1017, 1026 (N.M. App. 1986).

[43]    788 P.2d 1256.

[44]    172 Cal. Rptr. 806.

[45]    788 P.2d at 1257.

[46]    *Id.* at 1257-58. In *Flynn v. Rogers*, the Arizona Supreme Court appeared to cite with approval the court of appeals' holding in *Beltran*. *Flynn v. Rogers*, 834 P.2d 148, 152 (Ariz. 1992). The holding in *Beltran*, however, was not properly before the court, as the issue had been abandoned on appeal. *Id.* at 150.

[47]    172 Cal. Rptr. at 807.

recover, as a matter of law, that portion [of the military pension] payable after [the] husband received notice of her claim . . . ."[48]

We are in general agreement with the holdings of these jurisdictions. In the present case, there was no dispute that Hank's retirement benefits were marital property. Accordingly, Theresa had the right to bring an action to divide the property "at any time."[49] Although she waited nearly 20 years after the divorce, Theresa's delay was not so unreasonably prejudicial to Hank's future financial planning so as to bar her claim in its entirety. Further, Hank will not suffer prejudice from a prospective award of retirement benefits, as he may no longer reasonably treat such benefits as his own separate property. Rather, as the superior court noted, "it would be greater prejudice to deny [Theresa] her share of the retirement."

Hank relies on *Foster v. State*[50] for the proposition that laches should have barred Theresa's claim in its entirety. This argument is unconvincing. In *Foster*, we affirmed the superior court's application of laches to bar a property claim filed five years after the plaintiff actually learned of a foreclosure judgment and deed and over 30 years after those documents had been a matter of public record.[51] But, unlike the present case, the plaintiff in *Foster* sought only retrospective relief.[52] Further, Hank's reliance on

---

[48]     *Id.*; *see also Berry v. Meadows*, 713 P.2d 1017, 1026 (N.M. App. 1986) ("[n]either laches nor waiver bar[red] wife's right to recover a portion of retirement benefits paid subsequent to filing of [the] suit . . . .").

[49]     AS 25.24.160(a).

[50]     752 P.2d 459 (Alaska 1988).

[51]     *Id.* at 465-66.

[52]     *Id.* at 464-65.

*Sandoval v. Sandoval*[53] and *Morgan v. Morgan*[54] is unavailing, as each case is distinguishable: Each case concerned a motion seeking relief from judgment under Alaska Civil Rule 60(b), and neither case involved the application of laches.[55]

## V. CONCLUSION

Because Theresa's claim was not barred by the statute of limitations, and because the superior court did not abuse its discretion in concluding that Theresa was entitled to a prospective division of military retirement benefits we AFFIRM the decision of the superior court in these respects. We VACATE the determination that the division of pension benefits commences on June 15, 2010, and REMAND with directions that such benefits be divided as of August 11, 2011.

---

[53]   915 P.2d 1222 (Alaska 1996).

[54]   143 P.3d 975 (Alaska 2006).

[55]   *Sandoval*, 915 P.2d at 1222-24; *Morgan*, 143 P.3d at 975-77.